Green, J.
The real questions in this cause arise out of the second plea, alleging that the plaintiff was not married at the time of the emanation of the scire facias, the replication thereto, and the general demurrer to the replication, which leads us up to the first fault in the pleadings.
There was, indeed, a special demurrer to the scire facias, for the want of an allegation of the time and place of the suggested marriage of the plaintiffs, which will be noticed, incidentally, in considering the first objection to the plea; which is, that it pleads in bar matter which goes only in abatement. This, if true, is an error of substance, and fatal upon a general demurrer. To notice a few of the many adjudged cases to that effect: Isam & Paget v. Hitchcock, Cro. Eliz. 202. Justice v. White, 1 Mod. 239. Wallis v. Savil, Lut. 41. Crosse v. Bilson, 2 Ld. Raym. 1016. In these cases, matters going only in abatement, being pleaded in bar, and the pleadings terminating in general demurrers, judgments were given against the defendants for that cause only, and for the reason assigned by chief justice Holt, in the last mentioned case, that a plea in bar, admitting that the suit is well brought, and opposing nothing but matter in abatement to the plaintiff’s demand, judgment final should be given for the plaintiff, as in case of nil dicit, or any other plea containing no matter of defence.
All the elementary writers and reported cases which I have seen, treat the matter of this plea, when pleaded to an action by husband and wife, as going in abatement only; and I have met with no suggestion, any where, to the contrary, which is entitled to the least respect. 1 Chitt. plead. 441. Tidd’s prac. (old edi.) 179. Com. Dig. Abatement, E. 6. 3 Instruct. Cler. 69. Theloall’s Dig. lib. II. c. 2. § 8. (referred to in Comyns ubi supra, and in 4 Vin. Abr. Baron and Feme, C. b. pl. 9. p. 184. and citing 11 Ed. 3. Brief, 476.) year book 39 Ed. 3. 32. (cited by Comyns) Alleyne and wife v. Grey, 1 Show. 50. 2 Salk. 437. Comb. 131. in which the matter was pleaded in abatement, as appears by Comber-back’s report of the case; as it was in Bickerstaffe and wife *68 v. Percy, 2 Lev. 207. 3 Keb. 810. as appears by Keble’s report. In Theloall’s Dig. lib. II. c. 2. § 12. (citing 7 H. 6. 13. and 50 Ed. 3. 15.) it is said, “so in assize by baron and feme, or debt, or trespass, not his feme is a good plea to the writ: but in dower, or appeal of the death of her husband, it ought to be ne unques accouple in lawful matrimony with the deceased:” and Ibid. § 13. (citing truly 11 H. 4. 13.) “In appeal by baron of the ravishment of his feme, it was pleaded ne unques accouple &c. and the plea was accepted.” 4 Vin. Abr. Baron & Feme, C. b. pl. 23. 24. p. 186.
These are all the reported cases that I have met with, in which this matter has been pleaded to an action by husband and wife, except those of Machell and wife v. Garrett, 3 Salk. 64. 12 Mod. 276. and Jones’s case, Comb. 473. the reports of which do not inform us, whether the pleas were in abatement or in bar. The case, however, of Blake v. Dodemead and wife, 2 Ld. Raym. 1504. in the decision of which the courts of common pleas and king’s bench concurred, is decisive of this question. There, to a scire facias by,husband and wife, upon a judgment obtained by the wife dum sola, and which suggested the intermarriage of the plaintiffs after the judgment, without stating the time or place of marriage, the defendants demurred specially for that cause; and judgment was given for the plaintiffs; the court holding, that although all material facts, which go to the point of the action, must be pleaded with a venue, yet that such as go only to the person of the plaintiff, or to the point of the writ, need not be so stated, they being only in abatement; and that the question, whether married or not, was matter of the latter character.
Upon this mass of uncontroverted evidence of the uniform opinions of the profession upon this subject, from the time of Ed. 3. downwards, we may safely conclude, that the plea of never married, to an action by husband and wife, in personal actions at least, is only proper in abatement, without going into the large field of inquiry as to the grounds of dis *69 tinction, upon principle, between matter in abatement and matter in bar. I shall only add, that it is a settled rule, that the question, whether one suing in autre droit (as an executor or administrator) be entitled to the character he assumes, is a matter in abatement only. And a husband; suing with his wife for her clloses in action, sues in her right only; for if he die before recovery, the right and action survive to her; or if she die, he can neither claim the subject, nor prosecute the action, as husband. And this distinguishes the case of a husband and wife suing for her property, from those of a widow suing for her dower, or a wife appealing another of the death of her husband, or a husband appealing another of the ravishment of his wife, in which they sue in their own right, and the marriage, and that a lawful marriage, is an indispensable ingredient in their title, the want of which goes in bar of their suit; while, in the other case, a marriage in fact, whether lawful or not, is sufficient; as was decided in several of the cases before cited, Alleyne and wife v. Grey, Jones’s case, and Machell and wife v. Garrett.
But suppose tills matter might be properly pleaded in bar, die plea is liable to several other objections, which arc fatal upon general demurrer. The scire facias suggests a marriage after the judgment and before the emanation of the writ. The plea is, that the plaintiffs were not married at the time of the emanation of the writ. These allegations are not inconsistent with each other, and the last docs not negative the first; for there might have been a marriage after the judgment, as suggested in the scire facias, which might have been dissolved by a divorce before the emanation of the scire facias, and so the plaintiffs not manned at the date of die scire facias, as alleged in the plea. And this must be considered as the effect of the plea; for if it was intended to deny the fact of the marriage, the plea should have averred that the plaintiffs were never married and might then have properly concluded to the country, sine/ then diere would have been a direct affirmative and negative, in respect to the. same fact. When a plea is equivocal, st is to bo taken *70 most strongly against the pleader, 1 Chitt. plead. 521. The scire facias did not suggest a continuance ot the marriage at the time of suing it out, nor was it necessary that it should: that was an intendment of law, which presumes an existing state of things to continue until the contrary is shewn. And no issue can be taken on a legal inference, nor can it be denied in pleading, but the facts which avoid it must be stated, so as to enable the court to judge of their legal effect. Every material fact averred by one party, and not denied by the other, in pleading, is admitted: And the averment that the plaintiffs were not married at the date, of the scire facias, admitted that they were married before, as alleged on the other side; as, in Alleyne and wife v. Grey, the plea that the plaintiffs were not lawfully married, was held to be an admission that they had (as they alleged) been married in fact, and only to put the lawfulness of the marriage in issue. The legal inference, that the marriage, once existing, continued, could only be repelled, by shewing the fact by which it was dissolved, or ceased to continue. That could only be by a divorce from the bonds of matrimony. A divorce from bed and board does not dissolve the marriage, nor affect the marital rights of the husband in respect to his wife’s choses in action. Stephens v. Tott, Mo. 665. Motam v. Motam, Roll’s Rep. 426. cited 18 Vin. Abr. prohibition Q. pl. 10. 11. p. 3. And a divorce could only be the consequence of a legislative act, or a judicial sentence. The plea in question, therefore, proposed to refer to the jury, all these questions of law, and the effect of the act dissolving the marriage; all of which should have been referred to the court, by a plea distinctly stating the matter by which it was insisted the marriage had been dissolved; as was done in the case before cited 39 Ed. 3. 33. when the plea stated a divorce by an ecclesiastical court specified, and that from the bonds of matrimony, on account of the marriage being before the age of assent, and a subsequent dissent. Upon the ground, then, that tire plea neither denied directly any facts suggested in the scire *71 facias, nor alleged any fact directly to avoid their effect, it was fatally defective, even if it had concluded, as it ought to have done, with a verification.
If, however, it were admitted, that the matter of the plea was pleadable in bar, and well pleaded in other respects, the conclusion to the country was an error of substance and fatal on a general demurrer. This was the only ground of the former judgment of the court given in this case; which, after the fullest consideration, I still think was right. After a conclusion to the country, all pleading is closed except to demur, or join issue by a similiter ; and as no issue can be made up, without an express averment on the one side, and a direct negative on the other, of the same fact, it is error to conclude a plea to the country, which does not directly deny some matter directly averred on the other side. The plea in this case denied nothing which had been alleged on the other side, but sought to avoid the matter alleged on the part of the plaintiffs, by the allegation of a distinct fact, that the parties were not married at the date of the scire facias, to which they ought to have had an opportunity of replying. That such an improper conclusion is fatal on general demurrer, is uniformly affirmed, by the adjudged cases; of which those of Cowper v. Towers, 1 Lutw. 98. and Charleston v. Finney, 1 Sid. 215. are strongly in point.
Without considering the effect of the estoppel relied on, I think the judgment should be affirmed upon the manifold defects of the plea in matters of substance.
The other judges concurred, and the judgment was affirmed.