# Wheeling.

## Enos, Hill & Co. v. Stansbury et al.

Decided November 5, 1881.

(*Patton. Judge, absent.)

1. An order, that a suit be dismissed, unless security for costs be given with the clerk in sixty days, will not itself operate a dismissal of the case under section 2 of chapter 138 of the Code of West Virginia. But after the expiration of sixty days an order must be made dismissing the case for want of the security; and until such order is made, the plaintiff has a right to give the security. If, after such order is made requiring security to be given, the case is proceeded with, though the security is not given, and no objection thereto be made by the defendant, it will be presumed, that he waived his right to demand security for costs.

2. If an action of *assumpsit* be brought against two defendants jointly, and a writ of enquiry of damages be awarded against them at rules, and one of the defendants only appears and sets aside the office-judgment against him and pleads *non assumpsit*, and issue is joined, and on this issue the jury find a verdict for both the defendants, and the court without having the writ of enquiry of damages executed against the other defendant overrules a motion for a new trial, and on this verdict enters up a judgment in favor of both defendants, this judgment and verdict will be set aside by the Appellate Court.

3. If a declaration in *assumpsit* be filed against two defendants jointly containing the common counts, and a bill of particulars be filed purporting to be an account against both defendants jointly, but on the trial of the case on the plea of *non assumpsit* the evidence shows, that only a part of the items in the bill of particulars are charges against the two defendants jointly, and that the other items are charges against one of the defendants individually, the jury can only find a verdict on the items in the account, which are charges against the two defendants jointly, and can render no verdict against one of the defendants severally on the items of the account, which are charges against him severally; such a case not being within the 19th section of chapter 131 of the Code of West Virginia permitting in certain cases a judgment against one defendant in an action against two jointly.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Mason in an action at law in said court then pending, wherein Enos, Hill & Company were plaintiffs and N. Stansbury and others were defendants, allowed upon the petition of said plaintiffs.

*Case submitted before he took his seat on the bench.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

Green, Judge, furnishes the following statement of the case :

B. F. Enos, C. A. Hill and H. A. McGonagh, partners in business as Enos, Hill & Co., in July, 1874, instituted an action of assumpsit in the circuit court of Mason county against N. Stansbury and Peter Lambrecht, partners under the firm name and style of N. Stansbury. The declaration contained the common counts, and with it was filed a bill of particulars, which was thus headed :

Gallipolis, O., July 17, 1874.

Mr. N. Stansbury,

> *Bought of* Enos, Hill & Co.

Then follows a long account of items, many of which were articles furnished for a steam saw-mill, and others were for materials furnished and work done connected with a steam saw-mill. The whole amount of the account was $715.33 ; and the credits on it amounted to $361.21. The defendant being served with process and not appearing, an office-judgment was regularly entered at rules, and a writ of enquiry was awarded. At the first term of the court, October 16, 1874, Peter Lambrecht, one of the defendants, appeared by his attorney and pleaded *non assumpsit,* and issue was joined thereon, and at the same time he suggested of record, that the plaintiff resides out of this state, and on his motion it was ordered, that this suit be dismissed, unless security for costs be given within sixty days. At the October term, 1875, the defendants by their counsel moved the court to continue the case at their costs, which was done. On April 14, 1876, a jury was sworn to try the issues joined; and on the next day they found a verdict for the defendants. The plaintiffs asked for a new trial, on the ground that the verdict was contrary to the law and evidence, which the court refused, and on April 22, 1876, rendered a judgment in favor of the defendants against the plaintiff for their costs. The plaintiffs took a bill of exceptions to the refusal of the court to grant them a new trial; and the court certified all the evidence.

The plaintiffs proved, that all the items charged in their bill of particulars had been sold to the defendant, Stansbury, who stated, when he bought them, that he had a partner; that the work charged for was done in a workmanlike manner and charged at a reasonable price; that the bill for the articles and the work was presented to defendant, Stansbury, who admitted that the same was correct and stated, that the credits on the account, $361.21, were paid out of his individual funds, and about paid for the items in said account, which he had purchased on his individual account, and which were not properly chargeable to the partnership, and that the unpaid balance of the account was for the partnership of himself and Lambrecht.

The defendants proved upon their part, that some of the work and materials charged in said account were charged at a high price, and that some of the materials, particularly a cut-off saw, did not answer its purpose; that the said Stansbury and Lambrecht were not partners under the firm name and style of "N. Stansbury," but were partners under the firm name and style of "N. Stansbury & Co.;" that the said Stansbury, after making the statement to the plaintiffs in regard to the credits upon said account, ascertained upon looking at his books, that $198.00 of the payments credited upon said account as aforesaid had been paid out of the partnership funds instead of his individual funds, but had given the plaintiffs no notice thereof until this cause came on for trial at the last term. There was no evidence of any other payments than those credited on said account. It was also proved by the defendants that the only items properly chargeable to the partnership of the defendants amounted to $183.11, and that the payments made by Stansbury out of the partnership funds as aforesaid on plaintiff's said bill of particulars, amounted to $198.00; that the items named in plaintiff's bill of particulars to the amount of $183.00, chargeable to the defendants as partners as aforesaid, were wholly worthless to the defendant, to-wit, the cut-off saw aforesaid; that said cut-off saw had been furnished to defendants by plaintiffs as mechanics and machinists; that they had undertaken to furnish and construct the same for defendants as such machinists to suit the purpose of the defendants; that part of the items amounting to $73.78 was done for the defendant, Stansbury, in repairing an engine; that the

work was so unskilfully done that it was wholly worthless. And the plaintiffs upon their part proved that the reason said engine proved worthless was, that it had the appearance of having been set up by defendant, Stansbury, so carelessly and out of trim, after it was sent back to defendants, that it cut itself, and by reason thereof became worthless.

The following affidavit was copied in the record:

"STATE OF WEST VIRGINA :   MASON COUNTY, ss :

"N. Stansbury, being first duly sworn, says that he *denyes* that *itums* charged in plaintiffs' bill of particulars of the date of February 14, 1873, to August, 1873, and also the *itums* charged October the third, 1874, and also the *itum* charged October 1st, 1873, and also the *itums* charged in *ther* bill of particulars from May, the 5th, 1874, and *and* up to and including the *itums charge* on the 19th day of June, 1874—that said *itums* were *furnishe fore* the said N. *Stansburee* and Peter Lambrecht, partners doing business under the name of N. *Stansburee, ore ware* they the said N. Stansbury and Peter Lambrecht, in partnership in the steam saw-mill for which said *itums ware* furnished. And the said defendant, N. Stansbury, further says in *adition*—the plea of *non-assumpsit* put by himself and his co-defendant, Peter Lambrecht, that the said Peter Lambrecht was no way a joint constructor, undertaker or promissor for the sum named as the charges for the items above specified, but if bought *att* all by *eather* of said defendants, they *ware* bought by this affiant individually.

"N. STANSBURY."

From the judgment of the circuit court of April 22, 1876, a writ of error to this court was granted, and a *supersedeas* to the judgment awarded.

*Tomlinson & Polsly* for plaintiff in error relied upon the following authorities : 26 Gratt. 403 ; 8 Wall 180 ; 12 Wall 430 ; 25 E. C. L. 155 ;

*Smith & Knight* for defendants in error relied on the following authorities : Code of Va. 1849 ; *Id.* 1860 ch. 185 § 2 ; 7 W. Va. 152 ; *Id.* 306 ; Code p. 628 § 19 ; 19 Gratt. 2 ; 21 Gratt. 280 ; 26 Gratt. 427 ; 27 Gratt. 252 ; 9 W. Va. 415 ; 2 W. Va. 83.

Green, Judge, announced the opinion of the Court :

It is insisted, that the circuit court erred in proceeding with this cause after the expiration of sixty days from October 16th, 1874, as it appears by the record, that on that day "the defendant, Peter Lambrecht, by his attorney alleging, that the plaintiffs reside out of the state, on his motion it was ordered, that this suit be dissmissed, unless security for the payment of costs be given with the clerk of this court within sixty days from this time;" and as the record does not show, that any security for costs was given, the case without any further order stood dismissed at the end of the sixty days.   Since 1792 it has been the statute-law of Virginia, that every suit by a non-resident should be dismissed, if security be not given, in sixty days with the clerk after notice to the plaintiff or his attorney, that such security was required.   See Revised Code of 1792 (edition of 1803) ch. 76, § 23, p. 111 ; Revised Code of 1819 ch. 128, § 28, p. 495 ; Code of Virginia 1849 (edition of 1860) ch. 185, § 2, p. 767.   Under these statutes it has long been the established practice in Virginia and in this State to permit the plaintiff at any time after the expiration of the sixty days after the notice or entry of record, that security was required, and before an order was entered actually dismissing the case for want of the security, to give the required security.   This practice was finally established as long ago as 1799 by the decision of the genernal court in Reed v. Sue, 1 Va. Cas. 123.

But it is insisted, that the Code of West Virginia of 1869, ch. 138, § 2, p. 662, in this respect changed the law, and that under this law after the expiration of the time fixed for giving the security the case stands dismissed without any order dismissing it.   The language of our law is :  " No person, who is a non-resident of this State, shall hereafter prosecute any action or suit in any court in this State, until he has (if required by the defendant) filed with the clerk of the court security for the costs in the manner prescribed."   It is much clearer under our statute, than it was under the Virginia statutes, that the suit after the expiration of the time allowed by the court for giving security for costs, did not stand dismissed, and that it required an order subsequently to dismiss

it, if the security was not given. Our law simply provides, not that the case shall be dismissed, but only that it shall not be prosecuted, until the security is given. This law is for the benefit of the defendants, and they of course can waive the benefit of it; and this they do, when they without objection permit the suit to be further prosecuted without the security for costs being given.

In the case before us they actually after the expiration of the sixty days asked the court to continue the case, instead of asking it to dismiss the case. This was an express waiver of their right then to have it dismissed. They could of course afterwards have withdrawn this waiver and required the giving of the security for costs; but they never did so. The court below did not err in proceeding further with the case.

The next enquiry is: Did the circuit court err in refusing to set aside the verdict and in entering up a judgment on the verdict in favor of the defendants? There had been a writ of enquiry of damages awarded against both defendants at rules. Only one of them appeared and set aside the office-judgment and pleaded *non-assumpsit*, on which issue was joined. At a subsequent term of the court this issue was tried by the jury. It is obvious, that both the court and the parties had forgotten the state of the pleadings and proceeded, as if the office-judgment had been set aside by both of the defendants pleading *non-assumpsit*. This is shown by the fact, that the jury found a verdict for both defendants, and the court in pursuance of it entered up a judgment for both defendants. It is also shown by the bill of exceptions, by which it appears, that both defendants defended the case before the jury on the trial and offered evidence in their behalf. It also appears by the affidavit of the defendant, who did not appear, but which is properly no part of the record, though copied into it by the clerk. Of course there could be no judgment against or in favor of the defendant, who had not appeared, until the writ of enquiry was executed. The verdict of a jury in favor of a defendant, who had not appeared, was clearly erroneous and should have been set aside; and this cause must by this Court be remanded to the circuit court to be proceeded in regularly.

This is not the only error committed by inadvertence in

the circuit court. The bill of particulars is an account of the plaintiffs made against one of the defendants only. It should of course before a new trial be corrected. I take it for granted, that when the cause is remanded, both the defendants will plead *non-assmupsit*, as they evidently thought they already had done, and as no advantage can accrue to either of them from one of them failing to plead. On the trial to be had, when the cause is remanded, the meaning of section 19 of chapter 131 of the Code of West Virginia will have to be considered to some extent by the circuit court, though if the case is that now presented by this record, it will not be necessary for the court to determine the precise meaning and scope of this section; and we propose to express our views of it only to the extent, to which from the case now presented by this record the circuit court can be called upon to determine its meaning.

This section (see page 628 of the Code) is as follows: "In an action founded on a contract against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants, against whom he would have been entitled to recover, if he had sued them only." I am strongly inclined to the opinion, that the true meaning of this section is to be found by construing this section, as though the words, with which it closes, " if he had sued them only," meant " if he had sued them only on the contract alleged in the declaration." For my views see *Choen* v. *Guthrie. et al.*, 15 W. Va. 108. These views however differ from those expressed by Judge Staples in *Bush* v. *Campbell*, 20 Gratt. 430. His opinion is, that the true meaning of this section is to be found by construing its concluding words, "if he had sued them only," as if they meant " if he had sued them only on the contract proven by the evidence on the trial." The difference between these two constructions is, that by the first the operation of the 19th section of chapter 131 of our Code, page 628, would be confined to cases, where the declaration set out a contract, on which the plaintiff could in a proper suit recover either jointly or severally against the defendants, as a negotiable note endorsed, or a joint and several contract; while by the second view this section would be construed as applying to a declaration, which stated only a joint contract.

It is unnecessary in this case to decide, which of these interpretations is right; for the evidence in this case shows, that whichever of these views be correct, this 19th section of chapter 131 of our Code can have no application or effect on this particular case, if it be substantially that now shown by the evidence certified to this Court as the evidence at the former trial. It is obvious from the wording of this section that it was not intended to authorize a plaintiff to sue two defendants on a joint demand, and in the same declaration to include a distinct demand against one of the defendants severally, and to have a verdict and judgment in the suit against the two defendants jointly for what they might be proven to owe, and against the one defendant severally for what he might be proven to owe, and if the two defendants proved, that they had fully paid what they owed, to permit the plaintiff to recover what he might prove, that the one defendant owed him individually. In such a case this statute would obviously have no application ; and the case would be tried and judgment rendered on the principles of the common law and the jury could only find a verdict against the two defendants jointly for what they jointly owed, and could not render any verdict on the separate claim against the one defendant individually, though the items of this claim might have been mingled with those against the two defendants jointly in the bill of particulars. That this is the character of this case is disclosed by the evidence certified ; and if on the new trial it remains substantially the same, the circuit court should be governed by these principles in this second trial.

The judgment of the circuit court of April 22, 1876, must therefore be set aside, reversed and annulled ; and the plaintiffs in error must recover of the defendants in error their costs expended in this Court ; and this Court proceeding to render such judgment, as the circuit court ought to have rendered, the verdict of the jury must be set aside, and this case remanded to the circuit court of Mason county to be therein proceeded with according to the principles laid down in this opinion and further according to law.

JUDGES HAYMOND AND JOHNSON CONCURRED.

JUDGMENT REVERSED.    CAUSE REMANDED.