# WHEELING.

RUTTER & Co. *v.* SULLIVAN *et als.*

Submitted January 26, 1885.—Decided March 21, 1885.

1. Where it was shown to the court, that the plaintiffs were non-residents, and security for costs was required, and the court accepted an " undertaking " instead of a bond, and no objection was made thereto by the defendants, who proceeded to trial, the giving of the " bond" was waived by them.   (p. 429.)

2. Where in an action of *assumpsit* against a partnership the defendants filed with their plea of *non-assumpsit* an affidavit denying the partnership, and the plaintiff demurred to the affidavit, which demurrer was overruled, the demurrer being immaterial should not have been entertained, and no judgment could be given by the court on overruling such demurrer.   (p. 429.)

3. In an action of *assumpsit* against a partnership, if the defendants claim, that there was a non-joinder of proper defendants, such matter can only be raised by plea in abatement and must be filed at rules, section 58 of chapter 125 of the Code having no application to such a case.   (p. 430.)

4. Where there is a motion to set aside a verdict and grant a new trial on the ground of after-discoved evidence, and there is in the record no certificate of the evidence or facts proven, the bill of exceptions raising such exception will not be considered by the appellate court, it being impossible to ascertain whether the after-discovered testimony is merely cumulative or is of such a character as ought to produce a different result on a new trial.   (p. 431.)

5. While the general rule is, that the jurisdiction of a court of limited jurisdiction must appear by the record, yet it is in the power of the legislature to change the rule and declare, that it shall be presumed, until the contrary appears. (p. 431.)

6. The municipal court of Huntington created by act of the legislature passed March 4, 1879, is a court of limited jurisdiction. (p. 431.)

7. The constitutionality of section nineteen of said act, providing for depositing jury-fees before a jury could be had, cannot be raised in a case, where a jury was waived. (p. 432.)

8. The act of March 4, 1879, creating the municipal court of Huntington and providing that its operation should be suspended, until it was approved by the voters of the city of Huntington, is constitutional and valid. (p. 432.)

Statement by JOHNSON, PRESIDENT:

This was an action of *assumpsit* brought in 1879 in the municipal court of Huntington by the plaintiffs to secure the price of goods, &c. The defendants were charged as partners. They pleaded *non assumpsit* and filed affidavits denying the partnership. The record shows that the plaintiffs demurred to each of "said affidavits or pleas," and the court overruled the demurrers. A jury was waived, and the court in lieu of a jury heard the case and gave judgment for the plaintiffs for $435.35 with interest and costs. The defendants took three bills of exceptions to rulings of the court; the first, to the admission of certain evidence; the second, to the refusal of the court during the trial to require new parties to be made defendants; and the third, to the refusal of the court to grant a new trial on the ground of after-discovered testimony. The defendants obtained from the circuit court of Cabell county a writ of error to the judgment, and assigned as error, that the court accepted an *undertaking* instead of a bond for costs, it appearing the plaintiffs were non-residents; that the court erred in failing to give judgment for defendants on overruling the demurrer, the plaintiffs having failed to withdraw it. The defendants also insisted on the errors saved by the bills of exceptions, and finally insisted that the judgment should be reversed, because the act creating the municipal court of Huntington is unconstitutional and void. Upon a hearing of the writ of error

the circuit court reversed the judgment and retained the case to be further proceeded in.

To this judgment a writ of error was granted by this Court.

*T. H. Harvey* and *Sims & Enslow* for plaintiff in error.

*J. H. Ferguson* for defendant in error.

Johnson, President:

The first error assigned is, that no bond was filed for security for costs, as the court required, but an undertaking in the form previously required by statute. The record does not show, that any objection was made to the security tendered or to the form of the writing. The objection was therefore waived. This would have been so, though no security at all had been given. *Hill* v. *Stansbury*, 18 W. Va. 477.

The point attempted to be raised in the first bill of exceptions will not be considered, because the answer of the witness is not given, and it does not appear that the defendant suffered any injury thereby.

The next error assigned is, that the court did not give judgment for defendants upon overruling the demurrer to the so-called pleas. They are in form as follows: " W., one of the defendants for plea says, that the said plaintiffs their action aforesaid ought not to have and maintain against him, the said W., because he says there is not now nor never has been any partnership existing between himself and the alleged firm," &c.

Section 41 of chapter 125 of the Code as amended by chapter 76 of the Acts of 1875 provides, that where plaintiffs or defendants sue or are sued as partners, and the names of the partners are set out in the declaration, it is not necessary to prove the partnership, unless with the pleading, which puts the matter in issue, there be an affidavit denying such partnership. Here the defendants pleaded *non assumpsit* and filed affidavits denying the partnership. It is unheard of pleading to demur to an affidavit. The demurrer was therefore immaterial pleading, and no error was committed in trying the case without noticing the demurrer.

It is further claimed, that the court erred in refusing to require new parties to be made defendants. The bill of

exceptions shows the following : " The defendants asked that the following parties be made defendants to the suit, *it being in evidence*, that they are bound, if the other defendants are; said partners are Joseph Gold," and others (naming them), " but the court refused to require them to be made defendants. "   Section seventeen of chapter one hundred and twenty-five is as follows : " No plea in abatement for the non-joinder of any person as a co-defendant shall be allowed in any action, unless it be stated in the plea that such person is a resident of this State, and unless the residence of such person be stated with convenient certainty in an affidavit verifying this plea."   This statute was in the Code of 1860, and in *Urton* v. *Huston et als*, 2 W. Va. 83, construing this statute, it was held, that where a part of the co-partners only were sued, or other parties improperly included, it is matter to be pleaded in abatement for non-joinder or misjoinder; and such plea must be filed at rules, and defendant can not plead in abatement, after he has pleaded in bar. *Delaplaine* v. *Armstrong*, 21 W. Va. 211.   But it is insisted that under section fifty-eight of chapter one hundred and twenty-five, the court should have required the amendment to be made.   That section is as follows : " Whenever in any case a complete determination of the controversy can not be had without the presence of other parties, the court may cause them to be made parties to the action or suit by amendment."

It is a familiar rule of construction, that all the sections of a statute must be read together and harmonized, if possible. It is difficult to understand precisely what is meant by this section, which makes its first appearance in the Code of 1868, To give it the construction contended for by counsel for appellees would be, to hold section fourteen to have no force or effect whatever, because the sections are in hostility to each other ; and it would be to hold, that said fifty-eighth section not only destroys section seventeen, but that it also entirely destroys a long established rule in pleading.   Without therefore construing the section we hold it has no application to the case now under consideration, and that the court did not err in refusing the motion to make new parties to the action.

The court did not err in refusing to set aside the judgment and grant a new trial on the ground of after-discovered tes-

timony.   The evidence or facts are not certified, and it would
therefore be impossible to determine, whether the newly dis-
covered evidence was merely cumulative, or whether if pro-
duced it ought to change the judgment.

But it is insisted, that the jurisdiction of the trial-court
does not appear by the record, which should so appear, if the
court is of limited jurisdiction.   The law is well settled, that
jurisdiction will be presumed, where the trial-court is one
of general jurisdiction, and the jurisdictional facts need not
appear by the record.   But no such presumption exists in
favor of the judgment of a court of limited jurisdiction, but
the recitals contained in the minutes of proceedings must be
sufficient to show, that the case is one of which the law per-
mitted the court to take cognizance, and that the parties
were subjected to its jurisdiction by proper process.   (Cooley
Con. Lim. 407 and cases cited.)   But it cannot be denied,
that the legislature has power to say what facts shall consti-
tute a *prima facie* case and throw the burden of proof on the
other party.   This the act constituting the municipal court
of Huntington has done.   The twenty-ninth section declares:
"It shall not be necessary in any suit or proceeding in said
court, that the facts authorizing it to take jurisdiction of the
case should be set forth upon the record; but jurisdiction
shall be presumed, unless the contrary appears by the record."
It is contended that this section is unconstitutional; but it is
clearly constitutional, as it is the exercise of a power regu-
lating the rules of evidence, which has not been questioned.
It takes away no right of the defendant.   It only throws
upon him the burden of showing, that the cause of action
arose somewhere else than in Huntington, if any existed, or that
none of the defendants lived in said city.   It gives to a court
of limited jurisdiction one of the incidents attaching to a
court of general jurisdiction without constituting it a court
of the latter grade.   But it is further objected, that it is not
a court of limited but of general jurisdiction, and that the
legislature could not create such a court.   An inspection of
the act will clearly show that it is a court of limited jurisdic-
tion.   It has no jurisdiction in felonies at all, and a very limited
jurisdiction over misdemeanor cases.   It has no jurisdiction
of matters  that do not directly affect the citizens of the city

of Huntington, who have property within the city, or where the cause of action did not arise in the city.

It is further insisted, that said act is unconstitutional, because the nineteenth section requires, that, before either party can have his case tried before a jury, he must deposit a certain sum of money to defray the expenses of the jury. Whether this section can be construed into a denial of the right of trial by jury or a mere regulation of the right, we will not decide in this case, because, if this section were unconstitutional, it would not affect the constitutionality of the other section of the act, nor could it affect this case, because a jury in this case was waived.

But it is finally insisted, that the act is unconstitutional, because the forty-fourth section provides, that the question of approval or disapproval of the act should be submitted to the voters of the city of Huntington, and declares: "And if at such election it appear that a majority of the voters of the said city approve of this act, it shall be effectual for all the purposes thereof, and the council shall so declare; and if such majority disapproves the same, that fact shall in like manner be declared by said council, and thereafter this act shall have no effect; and no action or proceedings shall be had under any other provisions of this act, unless and until the vote aforesaid be taken, and not then until approved as aforesaid."

In *Barto* v. *Heinrod & Lovet*, 4 Seld. 483 it was held, that "an act establishing free schools throughout the State" was unconstitutional and void, for the reason that the fact of its becoming a law was made to depend upon the result of a popular vote, that laws must be enacted by the legislative bodies, to which the legislative power is committed by the constitution. They can not divest themselves of the responsibility of their enactments by a reference of the question of their passage to their constituents."

To the same effect is *Thorn* v. *Cramer*, 15 Barb, 112, and *Bradley* v. *Baxter*, *Id.* 122. Those authorities proceed upon the principle, that the legislature can not delegate its power under the constitution to the people; that they must enact statutes, as they alone have the power, and such power can not be delegated. But the fallacy is in the minor premise.

The people do not enact the statute.    It is enacted in a complete form by the law-making power and is only submitted to the people for their approval.    If the legislature should undertake to authorize the people or a convention from the people to enact a statute on a certain subject, then it might be well said, that it had delegated its power, and such act so enacted would have no constitutional warrant; but it is very different where the legislature submits to the people for their approval a statute which it has already passed.

But so far as this question is concerned, it is at rest in Virginia and this State by an able opinion of the court delivered by Judge Lee in *Bull* v. *Read*, 13 Grat. 78. In that case it was held, that, when an act is passed providing for the establishment of a system of free schools in a particular district in a county, and that it shall not be carried into effect, until the people of the district shall by a vote taken for the purpose approve it, the act is constitutional and valid.    Judge Lee, in delivering the unanimous opinion of the court on this question said, page 88 : "It will not be questioned, that it is entirely competent for the legislature to provide for taking the vote of the people or any portion of them upon a measure directly affecting them, and if a given number be in favor of its adoption, to enact a law therefor carrying it into effect. And there would seem to be but little difference in substance in a reversal of the process by first enacting the law in all its parts but providing that its operation is to be suspended until it be ascertained that the requisite number of the people to be affected by it are in favor of its adoption."    Again, page 90 : " Now, if the legislature may make the operation of its act depend on some contingency thereafter to happen or may prescribe conditions, it must be for them to judge in what contingency or upon what condition the act shall take effect.    They must have the power to prescribe any they think proper; and if the condition be that a vote of approval shall first be given by the people affected by the proposed measure, it is difficult to see why it may not be as good and valid as any other condition whatever.    There can be no inherent vice in the nature of such a condition, which shall seem to defeat the act, when it would be legal and effectual if made

to depend upon some other event. To say in such a case that the act is made by the voters and not by the legislature, is to disregard all proper distinctions, and involves an utter confusion of ideas on this subject. Whenever the contingency, upon which a law is to take effect, depends upon the action of third persons, it might be said with equal truth that the law was enacted by these persons instead of the legislature."

It is unnecessary to say more. The act was constitutional. We see no error in the record, as it came from the municipal court of Huntington. The circuit court erred in reversing its judgment.

The judgment of the circuit court is reversed with costs to the plaintiffs in error; and the judgment of the municipal court of Huntington is affirmed with costs and damages.

AFFIRMED.