# CHARLESTON.

## Burlew, Adm'r, &c. v. Smith et als.

Submitted January 25, 1910.   Decided December 20, 1910.

1.  Equity—*Abatement and Revival—Pleading—Unverified Plea in Abatement.*

    A plea to a bill in equity, filed by an administrator with the will annexed, asserting variance between the summons and the bill, on the ground that the plaintiff is described in the summons merely as administrator, is a plea in abatement, and, if unverified or tendered after a general appearance, may properly be rejected or disregarded in the decree.

2.  Vendor and Purchaser—*Enforcement of Vendor's Lien—Parties.*

    In a suit to enforce a vendor's lien against property which the vendee has conveyed to another person, upon his assumption of the purchase money debt, and which has been conveyed by said second purchaser to a third, in consideration of money paid and notes executed by such third person, with an express covenant in the deed for payment of all incumbrances by the grantor, all of such persons are proper parties.

3.  Same—*Vendor's Lien—Enforcement—Decree.*

    If, in such case, none of the original purchase money, which the second grantee was bound to pay, has been paid by the first or third, the extent of their right is to have a decree, requiring such second grantee to pay the original creditor what is due on account of the purchase money. Neither has a right to a personal decree for money in his own favor.

4.  Principal and Surety—*Enforcement of Vendor's Lien—Suretyship.*

    In such case, there is no legal contract of suretyship, but, for the purpose of working out equity and justice, the parties will be treated, in a court of equity, as standing in a relation of suretyship.

5.  Vendor and Purchaser—*Default in Installments—Acceleration of Payment.*

    A stipulation for acceleration of payment in a contract for money is not penal in its nature or effect and will be enforced in a court of equity.

6.  Evidence—*Parol Evidence.*

    Parol evidence is inadmissible to contradict or vary the terms of a written contract.

Appeal from Circuit Court, Kanawha County.

Bill by Abram Burlew, administrator, against Augusta H. Smith and others. Decree for plaintiff, and Lula D. Bowyer appeals.

*Affirmed and Reversed in Part and Remanded.*

*W. S. Laidley,* for appellant.

*A. Burlew* and *D. W. Taylor,* for appellees.

POFFENBARGER, JUDGE:

Mrs. Lula D. Bowyer complains of a decree, requiring her to pay Augusta H. Smith and N. B. Gardner, each the same amount of money for the same debt, subject to a provision which makes satisfaction thereof by payment of a like sum to another person discharge it in so far as it gives them relief.

The controversy grew out of three successive sales of a certain tract of land, each imposing an indebtedness, in respect to the first of which the vendor's lien, constituting the basis of this suit, was reserved. Geo. W. Patton conveyed the lot to Augusta H. Smith, in consideration of $825.00, of which $25.00 was paid in cash and the residue made payable in eighty monthly instalments of $10.00, evidenced by as many notes, to secure payment of which the deed reserved a vendor's lien. The deed also provided as further consideration for the property "that should she fail to pay one of the aforesaid notes, and interest thereon when the same becomes due and payable, then and in that event all of the notes unpaid and the interest thereon shall be due and payable." Mrs. Smith failed to pay the notes as they became due. Patton then induced Mrs. Bowyer to take the property by conveyance from Mrs. Smith and assume the payment of the balance of purchase money due. The deed recites payment of $170.50 to Mrs. Smith and states the further consideration as follows: "payment to Geo. W. Patton of the whole amount due said Patton as purchase money as stated in the deed of said Patton to said Augusta H. Smith for the property hereby conveyed, said payments to said Patton to be made as stated in said deed." Several months later, without having paid the Smith notes or kept them up, Mrs. Bowyer conveyed the lot to N. B. Gardner for $1,600.00, of which $200.00 was paid in cash and the residue made payable in installments of $200.00, evidenced by notes,

secured by a vendor's lien reserved. In this ·deed, Mrs. Bowyer covenanted ·to pay all taxes for the year 1903 and prior years and all liens and incumbrances on the property and warranted the title generally. Patton having died testate, this suit was brought to enforce the lien reserved in the first deed by Abram Burlew, administrator with the will annexed, and Mrs. Smith, Mrs. Bowyer and Gardner were made parties defendants. Mrs. Smith and Gardner filed answers praying decrees against Mrs. Bowyer by way of affirmative relief. Burlew filed an amended and supplemental bill, which was followed by amended and supplemental answers, praying cross relief as aforesaid. Mrs. Bowyer filed a plea, claiming a variance between the summons and the bill, demurred to the bill and amended bill and cross-bills and answered all of them.

The summons describes the plaintiff as administrator of the estate of Patton, but the bill shows he was administrator with the will annexed. The plea set up matter of abatement only. *Buck* v. *Foucher,* 1 Leigh 64; *Hunt* v. *Wilkison,* 2 Call 50. As a plea of abatement it was defective because it was not verified. Code chapter 125 section 39. As it was tendered after demurrer, it was barred by time. *Flesher* v. *Hasler,* 29 W. Va. 404; *Robrecht* v. *Marling,* 29 W. Va. 765; *Rutter* v. *Sullivan,* 25 W. Va. 427.

The main defenses relied upon are tender of the amount due and waiver of the stipulations of the deeds, making all the notes due and payable in case of default in payment of any of them. The defendant endeavors to set up oral agreements with Patton, contemporaneous with the written stipulations of the deeds, to the effect that neither she nor Mrs. Smith was to pay the notes as they should become due, and also with Burlew. If the witness were competent to testify to this, in so far as it relates to Patton, in view of the death of· Patton, the evidence would be inadmissible for another reason, namely, that it is contradictory of the terms of the written contract. This bars it as to Burlew. Jurisdiction in equity to enforce the provision, making all the notes due in case of default as to any of them, is denied on the theory that this stipulation imposes a forfeiture, which equity will not enforce. That this clause, merely accelerating payment and adding nothing at all to the amount of the debt for the default, is not penal, has been declared by the great

weight of American authority. See Hogg's Eq. Prin., section 509, in which the decisions have been collected. Though *Mays* v. *Judah,* 5 Munf. 495, is opposed to this view, we are unable to follow it against the almost uniform current of authority. The reasons for the prevailing rule are ably and convincingly stated in *Morgan's L. & T. R. Co.* v. *Texas C. R. Co.,* 137 U. S. 171, and need not be repeated here. Patton's silence and inaction, after default, is shown by competent evidence, but that did not alter the contract, nor can it be deemed a waiver thereof. From these conclusions, it follows that the whole amount of the debt was due, at the date of the institution of the suit, and tender of only a portion thereof, if made, was unavailing for any purpose.

Gardner was undoubtedly a necessary and proper party to the suit, the object of which was to enforce a lien on his property. His right to cross relief is also obvious. Mrs. Bowyer's express covenant to pay off all incumbrances on the land gave him an equitable right to compel her to pay the Patton estate to his relief, but not to compel payment of anything to him. Mrs. Bowyer's assumption of the Smith notes gave Mrs. Smith a like equitable right. In equity, both were *quasi* sureties of Mrs. Bowyer, but neither had as yet paid anything for or on her account, or by reason of her default. Each could, therefore, have required her to pay the Patton estate, by a bill in equity, if Burlew, administrator of that estate, had not proceeded against her. *Coffman* v. *Moore,* 29 W. Va. 244; *Bank* v. *Parsons,* 45 W. Va. 688; *Glenn* v. *Morgan,* 23 W. Va. 467; *Knight* v. *Charter,* 22 W. Va. 422. Under this principle, each of them had the right, as defendant, to ask that a personal decree against Mrs. Bowyer be entered in favor of Burlew, administrator, for their relief and protection, but not for the payment of any money to them, under the circumstances obtaining at the date of the decree. Having paid nothing for her, neither was entitled to a personal decree against her for money. Manifestly, therefore, there was no error in the overruling of any of the demurrers inteposed, even though these cross bills asked greater relief than the parties filing them were entitled to. As they stated good ground for relief, it is immaterial that they sought too much.

Reversal of the decrees and complete exoneration of Mrs. Bowyer from personal liability is asked on the ground of her alleged release, as surety for Mrs. Smith. This doctrine applies only to

legal contracts of suretyship. There was no such contract here. Legally there is no relation of surety, but the parties may be so treated in equity to work out just results and for no other purposes. This position is wholly untenable.

In view of these principles and conclusions, so much of the decrees as requires payment of money to Mrs. Smith and Gardner must be reversed.

In this decree, general costs, including a statute fee, were decreed against Mrs. Bowyer in favor of Mrs. Smith and Gardner, respectively, making $40.00 for attorneys' fees against her, and she complains of this. There is but one suit here and only one statute fee can be allowed. It has been the uniform practice in this Court to allow only one attorney's fee, however many branches a suit may have, and the same rule must be observed in the trial courts.

For the reasons stated, we reverse the decree in so far as it requires payment of money by Mrs. Bowyer to Augusta H. Smith and N. B. Gardner and attorneys' fees, affirm it in all other respects and remand the cause for further proceedings. Cost in this Court will be allowed Mrs. Bowyer against Augusta H. Smith and N. B. Gardner.

*Affirmed and Reversed in part and Remanded.*