# CHARLESTON.

HOLSWADE *et al.* v. CITY OF HUNTINGTON *et al.*

Submitted September 16, 1924. Decided September 30, 1924.

1. MUNICIPAL CORPORATIONS—*Repaving, for Sole Purpose of Beautifying City, Held Insufficient to Warrant Injunction.*

   Under the principles announced in *Holswade* v. *City of Huntington* 96 W. Va. 124, 122 S. E. 449, in a suit brought by abutting property owners to enjoin the repavement of a street in a valuable business and residential section, allegations that the present paving meets the needs of the property owners as well as the repaving proposed, although the present paving is 30 years old, and that the repaving is for the sole purpose of beautifying the city, are not sufficient to warrant an injunction restraining the proper municipal authorities from proceeding with the repaving. (p. 280).

   (Municipal Corporations, 28 Cyc. p. 1021.)

2. SAME—*Abutting Owners Cannot Enjoin Execution of Legal Paving Contract in Absence of Fraud or Unfair Conduct.*

   Where the proper municipal authorities advertise for proposals for the repavement of city streets, and all of the proceedings in connection with the advertising, the letting, and the contract are in compliance with the laws and ordinances authorizing the same, and the contract is let to the lowest bidder on the type of paving which the city decides to use, abutting property owners cannot enjoin the carrying out of the contract, unless it be shown that the municipal authorities have acted fraudulently, capriciously, or arbitrarily, or that the contract was obtained through the fraud or other unfair conduct of the contractor, for which it might be set aside. (p. 282).

   (Municipal Corporations, 28 Cyc. p. 1019.)

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified Question from Circuit Court, Cabell County.

Action by J. F. Holswade and others against City of Huntington and others. A demurrer to the bill was sustained, and the question certified.

*Affirmed.*

*Livezey & McNeer,* for plaintiffs.

*C. W. Strickling,* for defendant City of Huntington.

*Scott, Graham & Wiswell,* for defendant Harrison & Dean.

MEREDITH, PRESIDENT:

Plaintiffs, owners of lands abutting on Third Avenue, Fourth Avenue and Eighth Street in the City of Huntington, seek an injunction to restrain the repaving of those thoroughfares. They pray also that the ordinances authorizing such improvements and the construction contract therefor be annulled. The circuit court sustained in part and overruled in part the demurrer to plaintiffs' original bill, but upon certificate in this court we sustained the demurrer to the entire bill. *Holswade* v. *City of Huntington,* 96 W. Va. 124, 122 S. E. 449. Plaintiffs filed an amended and supplemental bill, to which a demurrer was interposed, and having sustained the demurrer, the circuit court again certified its ruling to this court for review.

The order of the circuit court sustaining defendants' demurrer recites that the case was heard upon the papers formerly read and the proceedings formerly had, as well as the amended bill; and a stipulation filed by counsel provides that all the former pleadings are to be included in the present certificate. The question now is whether under the allegations of both bills plaintiffs are entitled to the relief sought.

We held before that as the general tax-payers of the City of Huntington had no pecuniary interest in the affair, the demurrer to that portion of the bill which included them as parties plaintiff was properly sustained. As a consequence of that ruling the amended bill is brought only on behalf of certain of the owners of property abutting on the streets sought by the city to be improved.

Plaintiffs named as defendants in the original bill, the City of Huntington and Harrison and Dean, the corporation to

which the contract was awarded. In the amended bill, plaintiffs name, in addition, Amos Trainer, who, it is alleged, is sharing the work with his co-defendant, under an agreement therewith.

As those desiring a full understanding of this case will look to our former decision, we will not undertake to restate the various matters discussed therein. Confining ourselves, therefore, to the new issues, if there be such, we find that plaintiffs now rely particularly upon two propositions.

First. They say that the assessments laid for paying the cost of the repaving are in excess of the benefits to be derived by them from the improvements; that consequently the assessments are void and unenforceable.

This point was also raised in the original bill, but we held that since there was no sufficient showing that the contract was fraudulently let or that the cost of the paving was excessive, and since there were no allegations as to the character or value of the abutting property and no showing as to whether the value thereof would or would not be substantially increased, it could not be said that the cost of the improvement was disproportionate to the benefits accrued, or that the Board of Commissioners acted arbitrarily or capriciously. Plaintiffs relied in their original bill upon their allegations that the streets in question were paved, partly at the expense of the abutting property owners, in the years 1891 to 1894, and upon their general averment that they are in good serviceable condition and repair at the present time. Having failed to establish their case upon such showing, and in supposed pursuance of the expressions in our opinion in the case, they have sought to strengthen their position by including additional averments in their amended bill to the effect, that the present paving is as well suited to the uses and needs of the property owners as the proposed improvement; that the proposed repaving is for the sole purpose of beautifying the streets; that about seven blocks of the streets to be repaved are in sections used largely for business purposes, the property abutting thereon being worth from $1000 to $2000 per front foot; that the remaining eleven blocks are in sections devoted partly to business and partly to res-

idence purposes, and that the property there is worth from $100 to $400 per front foot.

We held before that the question of determining whether a necessity exists for repaving or improving is generally to be determined by the proper municipal authorities, in this case the Board of Commissioners, rather than by the personal opinions of citizens.  Our qualification was that the board must not exercise its authority capriciously or arbitrarily. The question is, do plaintiffs' additional averments make out a case of arbitrary or capricious action on the part of the board?  We think they do not.  Plaintiffs rely principally upon sec. 387 of Page & Jones, Taxation by Assessment, and quote at length therefrom.  There, however, in treating the question how far the courts may review the action of the municipal authority, the author cites those instances where it is shown that the purpose of the improvement is not to change the condition of the street so as to convenience the abutting owners to any material extent, but to better adapt the street to the uses of the whole community; for illustration, to replace a new macadam pavement with asphalt, to replace a sufficient curbing, or to change the grade so as to conform to a general scheme of civic betterment.  In such cases it has been held by some courts that the real object is to benefit the general public, and the public must pay the bill.  Nothing of the sort appears here.  The present paving is at least thirty years old, the property abutting on the streets is very valuable, such as to warrant a modern and up to date street; no other kind would be in keeping with the surroundings.  Further, it appears from plaintiffs' original bill that they complain not so much on the ground that the street is to be repaved, but because of the character of the repavement.  The ordinance under which the work was contracted provides that the streets be "re-surfaced or repaved and improved, either with brick or other suitable material to be decided on when the bids therefor shall be let."  Plaintiffs allege that certain of their number, opposed to the removal of the old paving and the construction of a new pavement and base, interviewed two of the three commissioners and advised them that if the board contemplated ordering a new pavement and base, they as abutting owners

would file a protest as provided by law, but they allege they were assured by the two commissioners that the old pavement would not be removed, but would be resurfaced with asphalt or similar material. Advertisements for bids and plans and specifications were prepared under the ordinance, and when the contract was let it called for a new pavement of brick on a concrete base. We decided in our former decision that this worked no legal fraud upon the plaintiffs. So far as the question of benefits accruing to them is concerned, it is only necessary to say that the discretion to be exercised by the municipal authority extends no less to the kind of improvement than it does to the question whether or not there shall be an improvement at all. They are both matters as to which the judgment of the Board of Commissioners is final so long as it does not act capriciously, fraudulently or arbitrarily. And as the official acts of the board were regular in all respects, and as it is not alleged that the members acted fraudulently in the matter, as we stated before, their unofficial statements can not bind them. Plaintiffs' averments that the present paving answers their needs as well as the repaving proposed, and that the repaving is but to beautify the streets and city, can be no more than expressions of their own opinions, opinions at variance with the views of the members of the Board of Commissioners, in whom the ultimate authority was vested. We do not think it is shown affirmatively that plaintiffs will not derive such special benefits from the proposed improvement as would justify the special assessment therefor, or that the Board of Commissioners has abused its discretion.

Second. The second point raised has already been hinted at, that is, that the contract was not let after fair and competitive bidding. In addition to the averments as to the assurances given by members of the Board, which, it is alleged, prevented many brick paving contractors from submitting bids, it is asserted that the two defendants, Harrison and Dean and Amos Trainer, had secret information that, contrary to the prevailing impression, the city contemplated paving with brick instead of asphalt. To this we must reply, as we replied before, that assurances and promises of members of the board, while not sitting as such, but as individuals, do

not bind the board to a course of action. The ordinances, the advertisement for proposals and the specifications plainly show that either brick or asphalt might be decided upon. These were the official and the only assurances upon which contractors could properly rely, and the field was open to every one desiring to bid on the work as advertised. Plaintiffs say in addition that under an agreement between the only available manufacturers of brick and the paving contractors, a more favorable price for brick was obtainable by contractors who bid upon brick paving exclusively. It is not shown that the two defendants were the only recipients of this favor. The same price may have been open to the many other brick contractors, yet they did not submit proposals. The defendant contractors were competing against their asphalt paving rivals, and the Board, exercising its discretion as to the type of paving, the fairness of the bid and the responsibility of the bidders, awarded the contract to the lowest bidder submitting a proposal on brick paving. It is not asserted that they acted fraudulently. That the price was higher than upon similar paving in other sections of the city is not a controlling argument. Conditions are too variable to warrant any conclusion from that.

Amos Trainer seems to be joined as a defendant because it is alleged he is doing part of the work for defendant Harrison & Dean, whereas the contract with the city forbids an assignment or sub-letting of the contract. We do not find it any where alleged that any part of the work has been assigned or sub-let to Trainer, but if it were, plaintiffs could not complain. They are not parties to the contract nor beneficiaries of its obligations, nor do they show any prejudice to themselves.

The demurrer to the bill was properly sustained. We affirm the circuit court's ruling.

*Affirmed.*