Ohio Savings Bank & Trust Company *v.* Mary Louise Ballard *et al.*

(No. 6999)

Submitted October 13, 1931.    Decided October 27, 1931.

*Sherman H. Ballard,* for appellants.

*Brown, Jackson & Knight* and *Herman Bennett,* for appellee.

Woods, Judge:

The defendant complains of the action of the chancellor in sustaining a demurrer to an answer filed by her in a suit to enforce a paving assessment certificate.

It appears from the pleadings that in 1923 the council of the city of Charleston caused certain streets, including Park Drive, to be paved. At the time of laying the assessments, the council, in view of a number of objections thereto, gave notice, under section 88a of the charter, to all abutting property owners, including defendant, that it would, on December 17, 1923, proceed to lay a valid levy. Defendant appeared pursuant to said notice, and in the role of an abutting property owner, objected to the laying of the assessment against her property on the ground that the engineers had materially changed the grade and boundaries, and that such arbitrary action on their part had not only destroyed her right to ingress and egress, but had increased the expense

against all abutting properties. The council found that the proceedings were in accord with the authority and ordinance, and affirmed its former assessments. Certificates were issued to the contractors, and by mesne assignments, the plaintiff became the purchaser of the certificate declared on.

Defendant, now, after a lapse of some seven years, seeks to defeat plaintiff's right to enforce payment on the ground that the council had no jurisdiction over her property. This defense is based primarily on the allegation in the answer that the lot proceeded against does not in fact "abut" on Park Drive, but is separated therefrom by a strip of land twenty feet wide; that defendant was absolutely mistaken in her former position that the lot abutted; that it did not, does not, and never did front on Park Drive.

The council, under the charter, was authorized to assess "abutting" property with the costs of improvements. Therefore, in order to lay a valid assessment, it first had to find, as a jurisdictional fact, that the property sought to be impressed with the assessment abutted the improvement. The records of the council not only show such a finding, but an admission on the part of the defendant that the lot in question abuts.

In view of the foregoing, will the defendant be permitted to defeat the collection of the certificate by a collateral attack on the council's jurisdiction over the property? She relies on the broad general principle that an assessment void for want of jurisdiction is open to contradiction or impeachment in a collateral proceeding. Courts of general jurisdiction will be presumed to have had jurisdiction of the subject matter and the person, unless the contrary clearly appears. *Wandling* v. *Straw,* 25 W. Va. 692; *Gilchrist* v. *West Virginia Oil, etc., Land Co.,* 21 W. Va. 118; *Phelps* v. *Smith,* 16 W. Va. 522. However, as to courts of inferior or limited jurisdiction, jurisdictional facts must affirmatively appear on the face of the record. *Yates* v. *Taylor County Court,* 47 W. Va. 376; *Mayer* v. *Adams,* 27 W. Va. 244. Ordinarily, where a court of general jurisdiction judicially considers and adjudicates the question of its jurisdiction, and decides that the facts exist which are necessary to give it jurisdiction of the case, the finding is conclusive, and cannot be controverted in a collateral

proceeding. *Simmons* v. *Yoho,* 92 W. Va. 703; *Lemley* v. *Wetzel Coal, etc., Co.,* 82 W. Va. 153. Consonant with the foregoing, it has been held that where a court of inferior or limited jurisdiction or a town council is charged with the ascertainment of a jurisdictional fact, and its proceedings show that the fact was ascertained, the finding cannot be collaterally attacked, unless want of jurisdiction is apparent on the face of the record. *Shank* v. *Town of Ravenswood,* 43 W. Va. 242; 34 C. J. 553, and cases there cited. A like rule has been invoked where jurisdictional facts have been determined in assessment proceedings. *Avis* v. *Allen,* 83 W. Va. 789; *Holswade* v. *Huntington,* 97 W. Va. 278; *Damron* v. *City of Huntington,* 82 W. Va. 401; *Andrews* v. *Avory,* 14 Gratt. 229; *Fisher* v. *Bassett,* 9 Leigh 119; *Vandersyde* v. *People ex. rel.,* 195 Ill. 200; *Van Rensselaer* v. *Witbeck,* 7 Barb. 133; *Spaulding* v. *Ass'n.,* 87 Cal. 40; *Gallimore* v. *Town of Thomasville,* 191 N. C. 648; *McEneney* v. *Town of Sullivan,* 125 Ind. 407; *Daly* v. *Higman,* 43 Ind. A. 357.

As already noted, one of the findings necessary to bestow authority on the council to make an assessment against property was that it abutted the Drive. The records of the council not only show such a finding, but the further fact that the owner of the particular lot admitted that it did abut. The finding of such fact cannot be collaterally attacked under our decisions.

Perceiving no error in the ruling of the chancellor, we must affirm the decree.

*Affirmed.*