LULA PEARL SLATER *v.* ARNIE MELTON *et al.*

(No. 8617)

Submitted September 22, 1937. Decided October 5, 1937.

*John T. Copenhaver* and *L. Steele Trotter,* for plaintiffs in error.

*Lillian S. Robertson,* for defendant in error.

RILEY, JUDGE:

This is a proceeding in habeas corpus brought in the circuit court of Kanawha county by Lula Pearl Slater, unmarried, petitioner, for the purpose of obtaining the custody of her illegitimate child, Dorcas May Slater, claimed to be unlawfully withheld by the respondents, Arnie Melton and wife. To a judgment granting the relief prayed, the respondents prosecute this writ of error.

In response to the writ of habeas corpus, the Meltons appeared in the circuit court and filed a plea in abatement, alleging that on October 24, 1936, they had been

impleaded in the juvenile court (court of common pleas) of Kanawha county and were awarded the custody and control of the infant child; that the judgment making the award was still in force and effect, and the jurisdiction of that court continuing. A demurrer to the plea in abatement having been sustained, they then filed an answer which charged that the child was given to them with the understanding that they be vested with absolute custody and control, and with the right to keep it; that the said Lula Pearl Slater and one Eads, the child's father, theretofore had petitioned the juvenile court for its return and after a hearing, the child, by an order, set out in the answer in *haec verba,* was declared to be dependent and the custody awarded the Meltons.

No part of the record in the juvenile court other than the order set forth in the answer was introduced in this proceeding at the hearing before the circuit court. This order reads as follows:

> "This 24th day of October, 1936, came Thos. D. Robertson, Chief Probation Officer, and A. C. Kiser, and Mrs. Edna Whitehurst, Assistant Probation Officer. Came also Dr. J. E. Roberts, Mr. A. H. Melton, J. A. Eads, and Miss Lulu Slater.
>
> "It appearing to the court after due consideration, that said Dorcas May (Slater) Eads is a dependent child within the meaning of the law; that she was born out of wedlock; that her mother has no way of supporting her; that said Dorcas May (Slater) Eads has been in the home of Mr. and Mrs. A. H. Melton since she was eleven days old; and Mr. and Mrs. Melton are willing and anxious to keep her..
>
> "It is hereby ordered that said Dorcas May (Slater) Eads be and she is given into the care and custody of Mr. and Mrs. A. H. Melton, and that the mother of said child is not to molest her in any way.
>
> "The Clerk of the Court shall deliver a certified copy of this order to Mr. and Mrs. A. H. Melton."

The juvenile court of Kanawha County, referred to in the Meltons' answer, is, in law and in fact, simply a

branch in the activities of the court of common pleas of that county under Code 49-2-1. This provision delegates to the circuit courts original juvenile jurisdiction, except in counties where a domestic relations court, or where a common pleas or intermediate court having equitable jurisdiction, has been or may be created, and if there be no such court but there be a criminal court, such jurisdiction is delegated to such inferior courts. The court of common pleas of Kanawha County, under Acts 1915, West Virginia Legislature, Regular Session, Chapter 109, creating it, is a court of limited jurisdiction vested with chancery powers. It therefore has original jurisdiction in juvenile matters.

It is well settled in this state that the writ of habeas corpus cannot be invoked to supply the place of a writ of error. To use it to revise or alter an order of a court having competent jurisdiction clearly is an abuse of the writ. *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59; *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex Parte Beavers,* 80 W. Va. 34, 91 S. E. 1076; *Ex Parte Veltri,* 83 W. Va. 226, 98 S. E. 146; 1 Cooley's Constitutional Limitations (8th Ed.), 723-24-25.

In view of this well established law, it becomes necessary, in order for us to solve the jurisdictional question presented on this writ of error, to determine the sufficiency of the order of the court of common pleas (or juvenile) set up as a jurisdictional defense in the habeas corpus proceeding. 12 R. C. L., p. 1192. In the case of courts of general jurisdiction, it will be presumed, unless the contrary appears of record, that it had jurisdiction of both the subject-matter of the action and of the parties. *Ohio Savings Bank, etc., Co.* v. *Ballard,* 111 W. Va. 235, 161 S. E. 445; *Wandling* v. *Straw,* 25 W. Va. 692; *Gilchrist* v. *Oil & Oil Land Co.,* 21 W. Va. 115, 45 Am. Rep. 555; *Phelps and Pound* v. *Smith & Co.,* 16 W. Va. 522; Church, Habeas Corpus (2d Ed.), section 267; 2 Cooley's Constitutional Limitations (8th Ed.), 858. In the case, however, of courts of limited jurisdiction, it is necessary that the jurisdictional facts appear of record in order to create the presumption that the court had

jurisdiction. 2 Cooley's Constitutional Limitations (8th Ed.), 858; Church, Habeas Corpus, *supra; Martin* v. *White,* 74 W. Va. 628, 82 S. E. 505; *Shank* v. *Town of Ravenswood,* 43 W. Va. 242, 27 S. E. 223; *Yates* v. *Taylor County Court,* 47 W. Va. 376, 35 S. E. 24; *Mayer* v. *Adams,* 27 W. Va. 244.

The order of the court of common pleas, although it was entered in a court of limited jurisdiction, does not set out the jurisdictional facts as are required by Code, 49-3-8. Acts 1915, Regular Session West Virginia Legislature, Chapter 109, Section 5, creating the court of common pleas, provides: "It shall not be necessary in any case or proceeding in said court of common pleas that the facts authorizing it to take jurisdiction or proceeding shall be set forth upon the record, but the jurisdiction shall be presumed unless the contrary plainly appears from the record." Under this statute, the ordinary rule as to courts of limited jurisdiction does not apply, and therefore, in the absence of a showing to the contrary, the court will be presumed to have had jurisdiction of the subject and person. The enactment of this provision clearly was within the province of the legislature. It takes from the petitioner no constitutional right; it simply throws upon her the burden of showing that in the custody proceedings, the court of common pleas was without jurisdiction. *Rutter* v. *Sullivan,* 25 W. Va. 427.

Under all of the circumstances, we are impelled to the position that the order of the court of common pleas should not have been set aside, revised or attacked in the habeas corpus proceeding. Therefore, we reverse the judgment of the circuit court and discharge the writ, without prejudice, however, to the petitioner to take such steps in the court of common pleas as the present circumstances may require and as she may be advised.

*Reversed; writ discharged.*