# CHARLESTON.

## J. A. LEMLEY v. WETZEL COAL & COKE Co. *et als.*

Submitted March 5, 1918.    Decided March 26, 1918.

1. JUDGMENT—*Collateral Attack—Jurisdiction.*

    The power of a court having jurisdiction over a particular subject matter to render a judgment or decree affecting the same cannot be attacked collaterally, unless it appears from the record of the proceeding in which the judgment or decree is entered that the court acted without jurisdiction.  (p. 155).

2. SAME—*Collateral Attack—Recital of Jurisdictional Facts.*

    Where the jurisdiction of a court to render a particular judgment or decree depends upon the existence of certain facts, and the judgment or decree entered recites that the court found such facts to exist, such finding cannot in a collateral proceeding be contradicted or questioned by evidence *aliunde.*  (p. 155).

3. GUARDIAN AND WARD—*Sale of Infant's Lands—Collateral Attack —Want of Jurisdiction.*

    The decree of a circuit court authorizing the sale of lands of an infant, upon the petition of the guardian of such infant, under the provisions of § 12 of ch. 83 of the Code, cannot, in a collateral proceeding, be attacked for want of jurisdiction by showing by evidence outside of the record of the proceeding that notice of the filing of said petition was not given to the infant, where the decree on its face recites that notice was given as required by law.  (p. 157).

Certified Question from Circuit Court, Wetzel County.

Suit by J. A. Lemley against the Wetzel Coal & Coke Company.  Demurrer to bill overruled, and question as to the sufficiency of the bill on demurrer certified by the circuit court.    *Reversed and remanded.*

*Larrick & Lemon,* for plaintiff.
*Waitman H. Conaway,* for defendant.

RITZ, JUDGE:

This suit is prosecuted for the purpose of cancelling and annulling certain deeds which it is claimed constitute clouds upon the plaintiff's title to the coal in a certain tract of land

situate in Wetzel county. In the month of October, 1901, Martha Curry, Silas H. Curry, William C. Curry and E. E. Curry, all infants under the age of fourteen years, being the owners of a small tract of land in Wetzel county, by their guardian Levi K. Hoge, filed a petition in the circuit court of that county praying for authority to make a sale of the coal underlying said land, in accordance with the provisions of § 12 of ch. 83 of the Code. On the 8th day of October, 1901, an order was entered by the circuit court ascertaining that notice had been given as required by law in the following language: "And the said petitioner also produced and filed a notice given by him to said defendants that on this day he would file said petition and ask that the same be heard; and it appearing to the court that the said notice has been duly served on all said defendants, on motion of said petitioner, it is adjudged, ordered and decreed that the said petition be and the same is now here filed, and said notice filed, and this proceeding docketed." The court thereupon appointed a guardian ad litem for the infant defendants, and proceeded to a hearing upon the petition. After hearing the evidence introduced in support of the petition in the presence of the guardian ad litem, the court adjudged that it was to the interest of the infant defendants to make sale of the coal in said land, and authorized the guardian to make such sale. The sale was accordingly made by the guardian, reported to the court, and by it confirmed. After the infants became of age they sold and conveyed their interest in the land to the plaintiff, and he prosecutes this suit to set aside the deed made by the guardian of the infants conveying the coal, as well as certain deeds made thereunder, as constituting clouds upon the title acquired by him. The question certified to this Court is the sufficiency of the bill on demurrer.

The bill proceeds upon the theory that the deed made by the guardian, and all deeds made subsequently thereto, having that deed for their basis, are absolutely void upon the alleged ground that no notice was given to the infants of the filing of the petition to sell their land, which fact is sought to be made to appear from a copy of the order of the county court appointing the petitioner guardian of the infants en-

tered upon the same day, upon which the petition to sell the
lands was filed in the circuit court. Can the finding of the
circuit court, as shown by its decree as above recited, be
questioned in this way? This is not a bill to review the pro-
ceeding had for the sale of this interest, nor is it a direct at-
tack upon said proceeding, but it proceeds entirely upon the
theory that the circuit court obtained no jurisdiction to sell
the infants' land, and that all proceedings had by it were
*coram non judice.* The attempt is made to show this lack of
jurisdiction not by anything contained in the record of the
proceeding in the circuit court, but by a record from the
county court showing the appointment of the guardian on
the very day upon which the proceeding was instituted in
the circuit court, and from this it is argued that the recital
of the finding of the court in its decree that notice had been
duly served is false. It is a general rule that the orders and
decrees of a court touching a subject matter over which it has
general jurisdiction are not open to collateral attack, except
for want of jurisdiction. Of course, if it appears that such
court did not have jurisdiction in the particular case, either
because of the situation of the subject matter, or because of
failure to acquire jurisdiction over the parties to be affected,
any judgment rendered would be invalid and void. But how
must this lack of jurisdiction appear? Can a recital in a de-
cree or judgment that the court found a certain fact to be
true be contradicted by evidence *aliunde?* There are many
cases which hold that while a judgment or decree rendered
in a cause of which the court has general jurisdiction is not
subject to attack collaterally, except for want of jurisdiction,
this want of jurisdiction may be shown by the record of the
proceeding itself. If it appears from the record of the case
in which the judgment or decree was entered that the court
entering it never acquired jurisdiction of the subject matter,
or of the person, it may be that its judgment or decree is void
and of none effect, but the attempt here is not to impeach the
judgment or decree by anything appearing in the record of
the proceeding in which it was rendered, but by evidence out-
side of that record. The policy of our law is to give to the
judgments of the courts full faith and credit, unless it ap-

pears from the record of the proceeding in which the judgment was rendered that such court did not have jurisdiction to render it. *Starcher* v. *Oil Co.,* 81 W. Va. 587, 95 S. E. 28; *Town of Point Pleasant* v. *Greenlee,* 63 W. Va. 207; *White* v. *White,* 66 W. Va. 79; *Plant* v. *Humphries,* 66 W. Va. 88. This conclusion is fully supported by the authorities. In Freeman on Judgments, § 131, that author says: "We have hitherto assumed that the question of the jurisdiction of a court of record over the parties to any domestic judgment must, in all collateral proceedings, be determined by the record; and that the answer to this question is not, except in some direct proceeding instituted against the judgment, to be sought from any extraneous proof." In Black on Judgments, § 273, the author says: "It commonly happens that the record itself will furnish evidence on the question of the jurisdiction of the court. And notwithstanding some vigorous dissent, the great majority of the decisions hold (in the case of a domestic as distinguished from a foreign judgment) that if the record shows the facts necessary to confer jurisdiction, or recites that jurisdiction did in fact attach, its averments are final and conclusive in every collateral proceeding, and cannot be contradicted by any extraneous evidence. This is in consequence of the great sanctity attached to judicial records by the common law and their 'uncontrollable verity.' It is said: 'If upon inspection of the record it appears that no notice has been given, the judgment or decree is void. On the other hand, if it be a judgment or decree of a domestic court of general jurisdiction, and the record declares that notice has been given, such declaration cannot be contradicted by extrinsic proof. In such cases the judgment or decree is sustained, not because a judgment rendered without notice is good, but because the law does not permit the introduction of evidence to overthrow that which for reasons of public policy it treats as absolute verity. The record is conclusively presumed to speak the truth, and can be tried only by inspection.' " ' See also Works on Courts and their Jurisdiction, p. 127 etc. So in 15 R. C. L. at p. 893 the doctrine fully supported by the authorities is laid down as follows: "According to the common law rule, adhered to at the present time

in most of the states, the presumption in favor of the juris-
diction of a court of general jurisdiction is conclusive and its
judgment cannot be collaterally attacked where no want of
jurisdiction is apparent of record.  Whenever the record of
such a court is merely silent upon any particular matter, it
will be presumed, notwithstanding such silence, that what-
ever ought to have been done was not only done but that it
was rightly done.  So where the judgment contains recitals
as to the jurisdictional facts these are deemed to import abso-
lute verity unless contradicted by other portions of the record.
Consequently such a judgment cannot be collaterally attacked
in courts of the same state by showing facts *aliunde* the
record, although such facts might be sufficient to impeach the
judgment in a direct proceeding against it.  The validity of
a judgment when collaterally attacked must be tried by an
inspection of the judgment roll alone, and no other or further
evidence on the subject is admissible, not even evidence that
no notice had been given.''  See also 23 Cyc. 1086 and au-
thorities there cited.

In this case the court rendering the decree, which it is now
claimed was void and may be disregarded, found as matter
of fact that process had been served as provided by law.  This
is not a direct proceeding to review that decree and to set
the same aside.  It is a collateral attack thereon.  It would
proceed regardless of the decree and simply say that because
of lack of jurisdiction in the court its decree may be ignored.
We are of the opinion that this cannot be done.  We think
that in a collateral proceeding like this the recitals of finding
of fact upon which jurisdiction depends are conclusive and
cannot be controverted by any evidence outside of the record
of the proceeding in which the decree or judgment was en-
tered.  Of course, if the record of that proceeding itself dis-
closed a lack of jurisdiction the case would be quite different,
but so long as such lack of jurisdiction does not appear from
such record the jurisdiction of the court to enter the decree
cannot be questioned in a collateral proceeding.

It follows that the decree of the circuit court of Wetzel
county overruling the demurrer will be reversed, the demur-
rer sustained, and the cause remanded to the circuit court of

Wetzel county with leave to the plaintiff to amend his bill, if he be so advised; and if not, with directions to dismiss the same.

*Reversed and remanded.*