# CHARLESTON.

NEW EAGLE GAS COAL CO. v. MATT BURGESS:

Submitted March 14, 1922.     Decided March 21, 1922.

1. JUDGMENT—*May be Attacked Directly or Collaterally Where Founded Upon a Void Process.*

   A judgment founded upon a process void because not issued against the person intended to be sued is a nullity and may be assailed either directly or collaterally.  (p. 545).

2. JUDICIAL SALES—*Purchaser is Charged With Everything Appearing on Face of Record Affecting Title.*

   A purchaser at a judicial sale is charged with everything appearing on the face of the record affecting the title acquired by him.  (p. 545).

3. SAME—*In Cases of Default Judgment the Purchaser Must See if the Writ Forms a Proper Foundation for the Judgment.*

   In all cases where there is a judgment by default, the writ on which it is based is a part of the record, so a purchaser at a judicial sale under a default judgment must look not only to the record of the judgment but also to the writ to see whether there is a proper foundation for the judgment.  (p. 545).

Error to Circuit Court, Nicholas County.

Action by the New Eagle Gas Coal Company against Matt Burgess in detinue for the possession of one electric generator and a steam engine.    Verdict for defendant, plaintiff's motion for new trial denied, and plaintiff brings error.

*Reversed and remanded.*

*Alderson & Breckenridge* and *Wm. T. Lively,* for plaintiff in error.

*G. G. Duff,* and *H. C. Hill,* for defendant in error.

MEREDITH, JUDGE:

This is an action in detinue for the recovery of the possession of one electrical generator and a steam engine. The jury returned a verdict for the defendant.    The court re-

90 W. Va.

fused to set aside the verdict and grant plaintiff a new trial and the case is here on writ of error.

The defendant claims title to the property through his purchase at a sale under an execution, and plaintiff attacks the validity of the judgment upon which the execution was issued.

The Eagle Gas Coal Company, a corporation, in 1917, was the owner of a coal mining lease-hold in Nicholas County, under a lease from the Federal Coal Company, and had a mine in operation. On October 6, 1917, it leased four houses from Benjamin Darlington, for the term of thirteen months the rent for the term to be $240, $120 to be paid November 1, 1917, and the balance to be paid in monthly payments of $10.00 each. The $120 was paid and about December 15, 1917, Darlington conveyed these four houses to the Bank of Gauley, and the Bank appointed him agent to collect the rents. The houses appear to have been occupied by employees of the Eagle Gas Coal Company. No further rents appear to have been paid. In August, 1918, the Eagle Gas Coal Company sold, and conveyed its mining lease-hold to another corporation called New Eagle Gas Coal Company. The purchaser did not assume any of the selling company's debts, nor does it seem to have taken over all the seller's property. It took possession of the mining property and operated it till about March 1, 1918. The two corporations were not only distinct so far as their organizations were concerned, but no one interested in the one was in any wise interested in the other. There was no interlocking as to stockholders, directors or officers.

The purchasing company in the fall of 1918 bought and had shipped for its plant the electric generator and steam engine in controversy. This property was unloaded on a private siding not owned by the company, where it remains.

About March 1, 1919, when the plant shut down, the New Eagle Gas Coal Company employed J. V. Bailey to look after its mules, to collect its rents and to make collection of some claims. About March 5, 1919, the Bank of Gauley sued out a distress warrant against the Eagle Gas Coal Company for rent. Just what this was levied on does not

appear, but some sort of levy was made, and the constable, who had the warrant, demanded and obtained the keys to the houses of the company, from Justice Bailey.      Justice Bailey was then employed by the constable to look after the property for him, and he says that thereafter he did not represent the New Eagle Gas Coal Company, unless it would be as justice of the peace in collecting some claims due it.

The bank, probably seeing that it could not collect full payment through its distress warrant, on March 8, 1919, sued out an attachment against the Eagle Gas Coal Company before Justice J. M. Grose for $230.62 for rent.      The New Eagle Gas Coal Company had never assumed the liability of the Eagle Gas Coal Company under the Darlington lease, but it had leased some other houses from the bank; just what they were or what rent was to be paid is not clear; but the whole amount of this rent could have been very little, if anything at all.      Darlington as agent of the bank swore out the attachment, and as a basis of its claim filed the original lease between him and the Eagle Gas Coal Company, covering the four houses he had conveyed to the bank, and his affidavit states "that the claim of the plaintiff against the Eagle Gas Coal Company, a corporation, defendant, is for money due    for rental    of four certain houses."

It appears that an account was also filed, but in the trial of the present case this paper was missing and its contents were not proved.      The following return was made on the summons:

"Received this writ March 8, 1919, served by delivering a copy of this writ with indorsements thereon to J. V. Bailey, agent for the within named Eagle Gas Coal Co., a corporation, in person, in said Nicholas County.

John W. Mullins, Special Constable.

Subscribed and sworn to before me this the 18th day of March, 1919.

C. A. Neal, Notary Public,
Nicholas County, W. Va.

My commission expires March 14, 1926."

On the return day, March 22, 1919, on motion of plaintiff, the summons was amended by inserting the word "New" so as to make the "New Eagle Gas Coal Company" defendant instead of "Eagle Gas Coal Company," as originally issued. The same change was made in the order of attachment, but no change was made in the return on the summons. There is some evidence tending to show that Justice Bailey appeared for the New Eagle Gas Coal Company on the return day, and that it was he who suggested the change in the name. It is clear, however, that he was not authorized by that company to appear for it, nor did he intend to do so. He was a justice of the peace and could not legally act as agent or attorney for any party in the case without committing a crime, which, we are sure, he did not do nor intend to do. Sec. 22, chapter 50, Code.

Justice Grose entered judgment on March 22, 1919, in favor of the Bank of Gauley, for $236.97, and costs. No action was taken on the attachment further than to levy it on:—1 engine and dynamo; 1 lot or stock of merchandise; and store fixtures, such as scales, show cases, refrigerators; 2 mules; 1 horse; about 30 mine care; 1 pump; 1 pair coal scales, and one set of blacksmith tools, appraised by the constable at $5340. · Execution was issued on the judgment, erroneously stating that the judgment was rendered March 24, instead of March 22, 1919, and placed in the hands of M. L. Cruikshanks, constable, who levied on the dynamo and steam engine involved in this suit and after advertisement sold them at public auction for $300, though they were worth at least $3000, and cost about $4200, and had never been used. The defendant became the purchaser and claims title through that sale. The property has never been moved, but defendant took possession of it and built a shed over it to protect it from the weather. It may not be improper to remark that if the proceedings before the justice were in entire good faith, it is rather strange that some of the other property levied on under the attachment was not sold, as there was much more than sufficient of that to pay the judgment, and property worth

at least $3000 would not have been sacrificed at $300. No explanation was made and we are left to the conclusion that some one planned to obtain valuable property for a trifle; happily the best laid plans sometimes go awry. The New Eagle Gas Coal Company brings this action for the recovery of the possession of the property sold, and assails the title of defendant, and claims title in itself, notwithstanding the sale to Burgess. It had no actual notice of the sale; we think that is conclusively shown by the record.

This is a collateral attack on the judgment obtained by the Bank of Gauley against the New Eagle Gas Coal Company. If the judgment is merely erroneous it can not be attacked collaterally. *Pates* v. *St. Clair*, 11 Gratt. (Va.) 22. But a judgment obtained without process is not a judgment, it is a nullity; and may be declared void by every court in which it is called in question, whether collaterally or directly. *Roberts* v. *Hickory Camp Coal & Coke Co.*, 58 W. Va. 276, 52 S. E. 182; *Headley* v. *Hoopengarner*, 60 W. Va. 626, 55 S. E. 744; *Board of Education* v. *Berry*, 62 W. Va. 433, 59 S. E. 169; *Brenham* v. *Smith*, 120 Va. 30, 90 S. E. 657; Freeman on Judgments, Sec. 117; Black on Judgments, (2nd. Ed.) Sec. 218. "And a purchaser at a judicial sale is charged with notice of every fact appearing upon the face of the record affecting the title acquired by him." *Board of Education* v. *Berry*, *supra*.

In all cases where there is a judgment by default, the writ on which it is based is a part of the record, so a purchaser at a judicial sale under a default judgment must not only look to the record of the judgment but also to the writ, to see whether there is a proper foundation for the judgment. *Nadenbush* v. *Lane*, 4 Rand. (Va.) 413; *Wainwright* v. *Harper*, 3 Leigh (Va.) 270; *Amiss* v. *McGinnis*, 12 W. Va. 371; *Netter-Oppenheimer & Co.* v. *Elfant*, 63 W. Va. 99, 59 S. E. 892; 4 Minor's Inst. 940.

To sustain the judgement, counsel for defendant rely upon two grounds:—First, That the New Eagle Gas Coal Company appeared to the action by its agent, Justice J. V. Bailey. We think this position is wholly untenable for

three reasons; (1) He was not authorized by the company to appear for it; (2) He swears he did not enter any appearance, and we think the evidence is hardly conflicting on this point; and (3) it can hardly be conceded that he committed a crime in order to accommodate the plaintiff, and to the injury of the party whom the plaintiff in the action claims employed him.    Second, That the summons was amended by the justice, on motion of the Bank so as to make the action proper and regular against the New Eagle Gas Coal Company.    That it was amended there is no doubt; nor is there any doubt that from there on the proceedings before the justice to judgment were regular. But was such an amendment authorized?    We think not. The summons was served on Bailey as agent of the Eagle Gas Coal Company, a corporation that was then in existence, and it was so returned executed.    It was then amended so as to be a summons against the New Eagle Gas Coal Company, another and an entirely separate corporation which was also in existence.    These two corporations were just as distinct entities as are two individuals.    It is not a question of name, it is one of substance.    If a summons named John Smith as defendant and was served upon the man intended, though it turned out that his real name was John Jones, the summons could be amended so as to show the right name of the person sued; Vanfleet, Collateral Attack, Sec. 367; *Stout* v. *B. & O. R. R. Co.*, 64 W. Va. 502, 63 S. E. 317; Black, Judgments, Sec. 213; Sec. 28, chapter 50, Code, 1918; but in this case the party intended to be sued was the Eagle Gas Coal Company, not the New Eagle Gas Coal Company.    The former company was the lessee under Darlington, and also lessee under the bank, and, as showing that intent, the fact that the bank filed the lease with the justice as a basis for its claim is controlling.

We, therefore, hold that the justice had no right to amend the summons so as to make the New Eagle Gas Coal Company a party defendant, and in so doing he acquired no jurisdiction to render judgment against it.    The justice having no jurisdiction, it follows that his judgment rendered is void, as are all the proceedings which followed thereon,

including the execution and sale, and the defendant acquired no title to the property in suit.

There are many errors relied upon by plaintiff, but we deem it unnecessary to discuss them further than to say that plaintiff's instruction No. 4 directing the jury to find for the plaintiff should have been given; to refuse it was error. The judgment is reversed, the verdict of the jury set aside and a new trial awarded.

*Reversed and remanded.*