MILLARD HAYHURST *v.* J. KENNY TRANSFER COMPANY

(No. 6900)

Submitted April 21, 1931. Decided April 28, 1931.

396

[redacted]

*Erskine, Palmer & Curl,* for plaintiff in error.
*Ramsay & Wilkin,* for defendant in error.

MAXWELL, JUDGE:

Defendant is aggrieved by an adverse judgment of the circuit court of Brooke county rendered upon a directed verdict in favor of plaintiff for $400.00.

The controlling question is procedural and narrow. The action was instituted against J. Kenny Transfer Company, a corporation, defendant. In the praecipe, summons and declaration this corporation appears as the defendant. Service of summons was accepted on behalf of the corporation by an attorney who styled himself ''Counsel of record for the defendant J. Kenny Transfer Company, a corporation.'' A plea of not guilty was interposed by said defendant through counsel. Thereafter one of counsel for plaintiff filed an affidavit wherein he averred in substance that he was informed that there was no such corporation as J. Kenny Transfer Company, but that the person sought to be proceeded against was J. Kenny, trading and doing business as J. Kenny Transfer Company. Thereupon, on motion of plaintiff, he was permitted to amend the summons and declaration by substituting for the corporate defendant the individual, J. Kenny, trading as aforesaid. There was no service of the amended summons upon the new defendant, nor was service accepted or waived. There was no appearance to the amended declaration either before or at the trial.

Sometime subsequent to the verdict and entry of judgment thereon, but within the same term of court, defendant, J.

Kenny, by counsel, appeared specially for the purpose of challenging the jurisdiction of the court to proceed further with the action, craved oyer of the original writ and the return thereof, and of the amended writ, and then moved the court to quash the amended writ and dismiss the action, which motion the court overruled, to which action of the court the said defendant excepted. Whereupon the defendant moved the court to set aside the verdict and award him a new trial, which motion was likewise overruled, and to which action the defendant likewise excepted.

There is nothing more fundamental in the administration of the law than that a binding personal judgment may not be rendered against a defendant who has not been served with process to appear before the court, or who has not voluntarily waived such process. A judgment rendered in such manner is a nullity and may be declared void by any court in which it is called in question, directly or collaterally. *Coal Co.* v. *Burgess,* 90 W. Va. 541. We perceive no possible basis for judgment against Kenny as an individual. Considering the matter in a light most favorable to the plaintiff, let us assume not only that the plaintiff was mistaken in his belief that he was proceeding against a corporate defendant, but that counsel who had been employed by Kenny to represent the interests of the defense in the litigation was of opinion that the supposed corporate defendant had an actual existence (the latter assumption, of course, must be made because it is not to be presumed that any reputable attorney would appear in a case and file a plea on behalf of a corporate defendant if he did not believe that such corporate entity in fact existed), but, even so, there is nothing in that situation to indicate any intent on the part of the individual, Kenny, to waive process, nor was there a general appearance made on his behalf by counsel.

Where the right party is sued, and process is served on him, though both the writ and the return run in a wrong name, the error may be cured by correcting the name. *Stout* v. *B. & O. R. R. Co.,* 64 W. Va. 502, 504; 1 Black on Judgments, 2nd Ed., sec. 213. In such situation the error is in name merely and not in identity of person; the right party

being before the court there can be no possible prejudice to him by inserting his correct name in the writ and return. The declaration or bill should be likewise corrected if the erroneous name has been carried into it. But such amendments cannot be made where the right party is not before the court. *Coal Co.* v. *Burgess, supra.* Service of process, its acceptance, or waiver, is indispensable. It is the *sine qua non* of all legal procedure where personal judgment is sought. The distinction between the two classes of cases is obvious.

The special appearance by counsel for Kenny, subsequent to verdict and judgment, and motion then made by him to dismiss the action did not operate to clothe the court with jurisdiction as to Kenny. Nor did the succeeding motion to set aside the verdict and award a new trial have the effect of bringing the defendant into court for all purposes and of wiping out the error which had been committed against him by the court in permitting the case to go upon trial in absence of service of process or waiver thereof. This is analagous to the holding in *Fisher* v. *Crowley,* 57 W. Va. 312, 319, that the benefit of a special appearance for purpose of taking advantage of a defect in a summons was not waived by pleading to the merits after motion to quash the summons had been overruled.

The judgment of the circuit court is reversed, the verdict set aside and the action remanded for further proceedings.

*Reversed and remanded.*