CLARENCE ANDERSON *v.* C. F. MCCLINTIC, *Warden*

(No. 7955)

Submitted September 11, 1934.   Decided September 18, 1934.

*Everett F. Moore,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

MAXWELL, JUDGE:

Relator, a convict under sentence of imprisonment for life in the West Virginia penitentiary, seeking discharge, instituted a proceeding in habeas corpus in the circuit court of Marshall County against respondent, warden of said institution. From an order of said court refusing to grant him discharge, relator was awarded writ of error by this court.

Relator's incarceration was imposed on him by the circuit court of Preston County November 28, 1928, under what might be termed our habitual criminal statute. As it then stood (it has since been amplified, Code 1931, 61-11-19), it read: "When any such convict (meaning a person convicted of an offense and sentenced to confinement therefor in the penitentiary) shall have been twice before sentenced in the United States to confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life." Code 1923, chapter 152, section 24.

The indictment which forms the basis of the conviction whereon the life sentence was imposed charged the defendant therein (relator here) with malicious assault upon one D. W. Lee in Preston County in November, 1928. In this state, malicious assault is a felony punishable by confinement in the penitentiary from two to ten years. Code 1923, chapter 144, section 9; Code 1931, 61-2-9.

The indictment further charges that in June, 1920, the defendant was arraigned in the circuit court of Preston County upon an indictment charging him with malicious assault upon one James McGee, and that thereupon "by consent of the prosecuting attorney said defendant confessed guilty to the unlawful shooting, which plea was accepted by the court, and upon his plea as aforesaid, said court then and there sentenced him, the said Clarence Anderson, for said offense charged in said indictment, to be confined in the penitentiary at Moundsville, West Virginia, for the term of one year, which said plea, conviction and sentence has never been vacated, set

aside or reversed." Unlawful assault likewise is a felony, but it is a lesser offense than malicious assault.

It is also alleged in the said indictment upon which the relator was last convicted that in December, 1923, he was found guilty in the circuit court of Preston County of malicious assault upon one Charles Wheeler; that he was then sentenced to penitentiary confinement for the term of seven years, which said sentence has never been vacated, set aside or reversed.

Following a trial upon the relator's plea of not guilty interposed to the said indictment of 1928, the jury returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment."

In support of his position that he is entitled to a writ of habeas corpus discharging him from the custody of the warden of the penitentiary, the relator's first point is that the said verdict was not sufficient to establish that theretofore he had been twice convicted of felony and confined in the penitentiary; that the only legal effect of the said verdict was to convict the defendant of the subsequent offense charged against him in the said indictment of 1928.

The above quoted habitual criminal statute as it stood in 1928, at the time of the relator's conviction and sentence to life imprisonment, should be read in connection with the immediately preceding section of said statute. It read: "When any person is convicted of an offense and sentenced to confinement therefor in the penitentiary, and it is alleged in the indictment on which he is convicted, and admitted, or by the jury found, that he had been before sentenced in the United States to a like punishment, he shall be sentenced to be confined five years in addition to the time to which he is or would be otherwise sentenced." Code 1923, chapter 152, section 23. Substantially the same requirements have been expressly written into the habitual criminal statute since the trial of the relator in 1928. Code 1931, 61-11-19.

Granting that under an indictment for a felony charging prior felony convictions and penitentiary sentence therefor, a special jury finding upon the question of prior

conviction and confinement would contribute to clarity and precision, the problem is here presented as to whether such special finding is indispensable to the imposition of the increased statutory penalty. We are of opinion that such special finding by the jury is not absolutely requisite where its general verdict is so phrased that, read in conjunction with the indictment, it is evident that the jury intended to respond to the allegation of prior penitentiary confinement as well as to the charge of a subsequent offense.

The indictment of 1928 charged the accused with two prior felony convictions and penitentiary incarceration therefor. The indictment charged him also with a later felonious offense. The jury found him guilty as charged. The language of the verdict was broad. It was inclusive of all charges laid in the indictment. The plain meaning of the simple words thus employed by the jury excludes the idea that the jury meant to convict the accused only of the subsequent offense. If they had meant thus to limit their finding, they would not, as reasonable men, have said that the defendant was guilty as charged, when the indictment included different charges.

To the 1928 indictment, the defendant thereto (relator herein) pleaded "not guilty". This put in issue the fact of former convictions as well as the charge in respect of a later offense. *State* v. *Zink,* 102 W. Va. 619, 135 S. E. 905. In that case the jury's verdict of "guilty as charged in the within indictment" was held to be a finding not only as to the later offense but also as to the prior conviction. To the same effect is *State* v. *Brown,* 91 W. Va. 187, 112 S. E. 408.

Though able counsel for relator has directed our attention to decisions of courts of other jurisdictions adverse to the view here expressed, we are of opinion that the holdings of this court on the proposition presented are well based, and that we should not depart therefrom. We find in recent annotations that the view to which we adhere is referred to as the majority rule. Thus, in an annotation in 58 Am. Law Reports, at page 93: "It appears to be the majority rule that, on a charge of a

'second' or 'subsequent offense', it is not essential that the verdict of the jury should find specially as to the fact of a prior conviction, but it is sufficient if, from the verdict itself, it is apparent that the jury has passed on the issue of the prior conviction." See also, Annotation, 82 Am. Law Reports, page 378.

The second ground urged by relator in support of his petition for discharge from incarceration under a writ of habeas corpus is that the hereinbefore mentioned conviction of 1920 was in fact no conviction, for this, that, as shown by the record above quoted, the defendant under said indictment did not plead guilty to any offense; that his plea of "guilty to the unlawful shooting" was meaningless; that the said confession was too vague, indefinite and uncertain to support a judgment. Relator seeks to invoke the principle applied in the cases of *State* v. *Newsom*, 13 W. Va. 859, and *McComas* v. *Warth, Judge*, 113 W. Va. 163, 167 S. E. 96. In the former case, a verdict finding the defendant guilty of unlawful shooting with intent to maim, disfigure, disable and kill was held insufficient because of its vagueness and uncertainty. In the latter case, a verdict acquitting the defendant of malicious assault as charged in the indictment but finding him guilty of unlawful assault was held insufficient to sustain a judgment imposing penitentiary confinement —that the effect of the finding was to convict the defendant of simple assault only. We were of opinion that the absence from the verdict of a finding of the intent with which the assault was committed prevented the verdict from having the effect of a conviction of felony. If relator's 1920 conviction had been based on a jury verdict, which carried no more definiteness than a finding of guilt of "the unlawful shooting", the situation, because of indefiniteness and uncertainty, probably would not have warranted the imposition of punishment as for a felony, if the accused had interposed timely objection. But such was not the case. The accused entered a confession of guilt. To the suggestion that *non constat* but that the accused meant only to confess his guilt of mere assault, punishable by jail sentence and fine, we answer

that such could not have been his purpose because he underwent a penitentiary sentence without complaint that he was being excessively punished. Evidently there was an understanding between the prosecuting attorney and the accused, approved by the court, that there would be a confession of guilt of the lesser felony and that punishment would be imposed on that basis. This savored of the characteristics of a compromise, and as an element thereof the accused waived all irregularities of procedure. Punishment was imposed and no exceptions taken. The sentence of imprisonment was served. It is too late now for the relator to make the point that the court's order did not carry a more extensive recital.

Perceiving no error in the judgment of the circuit court, we affirm the same.

*Affirmed.*