STATE OF WEST VIRGINIA EX REL. DENNY J. BROWNING

v.

E. H. TUCKER, *Warden, etc.*

(No. 10893)

Submitted May 21, 1957.   Decided June 18, 1957.

*O. D. Damron,* for relator.

*W. W. Barron,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

This is a habeas corpus proceeding instituted in this Court, in which the petitioner, Denny J. Browning, seeks a writ to require the defendant, E. H. Tucker, Warden of the West Virginia Penitentiary, forthwith to release him from his present confinement under a sentence of life imprisonment imposed upon the petitioner by the final judgment of the Circuit Court of Logan County, entered January 21, 1941, in the trial on an indictment for the felony of malicious wounding returned against him by a grand jury attending that court at its regular May Term, 1940.

The petitioner contends that the circuit court was without jurisdiction to impose the sentence of life imprisonment, or any sentence in excess of a term of ten years, the maximum period prescribed by Section 9, Article 2, Chapter 61, Code, 1931, for the crime of malicious wounding for which he was indicted and of which he was convicted by the verdict of the jury, by reason of the failure of the circuit court to comply with the requirements of Sections 18 and 19, Article 11, Chapter 61, Code, 1931, known as the habitual criminal statute, which, though substantially amended by Sections 18 and 19, Article 11, Chapter 31, Acts of the Legislature, 1943, Regular Session, were in effect when the petitioner was indicted in 1940 and applied to and governed the procedure upon his trial and conviction and when he was sentenced in 1941.

Section 18, before its amendment in 1943, was couched in this language: "When any person is convicted of an offense, and sentenced to confinement therefor in the penitentiary, and it is alleged in the indictment on which he is convicted, and admitted, or by the jury found, that he had been before sentenced in the United States to a like punishment, he shall be sentenced to be confined five years in addition to the time which he is or would be otherwise sentenced."

Section 19, before its amendment, contained these

provisions: "When any such convict shall have been twice before sentenced in the United States to confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life. But before such sentence may be lawfully imposed, it must be alleged in the indictment on which he is convicted, and admitted, or by the jury found, that such convict had theretofore been twice sentenced in the United States to the penitentiary."

The indictment upon which the petitioner was tried charged him with the crime of malicious wounding and also alleged, as required by the statute then in effect, that he had previously been twice sentenced in the United States to the penitentiary. To the indictment he entered his plea of not guilty. The jury returned a verdict of guilty in this form: "We, the jury, find the defendant, Denny Browning, guilty of malicious wounding, as charged in the within indictment. Sherman Lawson, Foreman." Immediately after the foregoing verdict was returned and recorded the court entered judgment upon the verdict and sentenced the petitioner to confinement in the penitentiary for the remainder of his natural life.

All the foregoing proceedings are recited in and affirmatively appear from the final judgment entered by the circuit court on January 21, 1941.

From the recitals in the final judgment it affirmatively appears that the petitioner by his plea of not guilty denied both the charge of malicious wounding and the allegations of the indictment that he had previously been twice sentenced in the United States to the penitentiary; that he was not found by the verdict of the jury to have previously been twice sentenced in the United States to the penitentiary; and that in view of his denial of the former sentences alleged in the indictment, by his plea of not guilty, which was not withdrawn and was not overcome by proof concerning the alleged former sentences, the petitioner did not admit that he had previously been twice sentenced to the penitentiary. These recited facts are not contradicted by any showing to

the contrary disclosed by the record. The final judgment also affirmatively shows on its face that the circuit court entered the judgment sentencing the petitioner to life imprisonment "in accordance with the verdict of the jury", although the jury by its verdict did not find that he had been previously twice sentenced as alleged in the indictment.

It is clear from the judgment imposing the sentence of life imprisonment that the circuit court did not comply with the requirement of Section 19 of the habitual criminal statute that "before such sentence may be lawfully imposed, it must be alleged in the indictment on which" the accused "is convicted, and admitted, or by the jury found, that such convict had theretofore been twice sentenced in the United States to the penitentiary."

The jurisdiction of the Circuit Court of Logan County to sentence the petitioner to life imprisonment by the judgment rendered January 21, 1941, depended upon and was derived from the habitual criminal statute, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, in effect when such sentence was imposed. *Dye* v. *Skeen*, 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234. Not having complied with the foregoing requirement of the habitual criminal statute, the circuit court was without jurisdiction to impose the sentence of life imprisonment upon the petitioner. Though the circuit court had jurisdiction of the crime of which the petitioner was indicted and of the petitioner and had jurisdiction to impose the maximum sentence of ten years for the crime of malicious wounding of which the petitioner was convicted, it did not have jurisdiction, because of its failure to satisfy the jurisdictional requirement of the habitual criminal statute, to impose the sentence of life imprisonment upon the petitioner, or any sentence against him in excess of the maximum period of ten years for the offense charged in the indictment and of which he was convicted upon the trial of the case.

A habeas corpus proceeding is not a substitute for

a writ of error or other appellate process and error in a final judgment in a criminal case, which renders such judgment voidable merely but not void, can not be considered or corrected in such proceeding; but if a sentence of imprisonment under which a person is confined is void, in whole or in part, it may be reached and controlled in a habeas corpus proceeding. *State ex rel. Vascovich* v. *Skeen,* 138 W. Va. 417, 76 S. E. 2d 283, certiorari denied, 346 U. S. 916, 74 S. Ct. 277, 98 L. ed. 411; *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *State ex rel. Nutter* v. *Mace,* 130 W. Va. 676, 44 S. E. 2d 851; *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Slater* v. *Melton,* 119 W. Va. 259, 193 S. E. 185; *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59.

A void judgment, being a nullity, may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment. *State ex rel. Vance* v. *Arthur,* 142 W. Va. 737, 98 S. E. 2d 418; *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. ed. 1268; *Bennett* v. *Bennett,* 137 W. Va. 179, 70 S. E. 2d 894; *Stephenson* v. *Ashburn,* 137 W. Va. 141, 70 S. E. 2d 585; *Cable* v. *Cable,* 132 W. Va. 620, 53 S. E. 2d 637; *Evans* v. *Hale,* 131 W. Va. 808, 50 S. E. 2d 682; *Pettry* v. *Hedrick,* 124 W. Va. 113, 19 S. E. 2d 583; *Perkins* v. *Hall,* 123 W. Va. 707, 17 S. E. 2d 795; *Hayhurst* v. *J. Kenny Transfer Company,* 110 W. Va. 395, 158 S. E. 506; *New Eagle Gas Coal Company* v. *Burgess,* 90 W. Va. 541, 111 S. E. 508; *Jones* v. *Crim,* 66 W. Va. 301, 66 S. E. 367; *Roberts* v. *Hickory Camp Coal and Coke Company,* 58 W. Va. 276, 52 S. E. 182; *St. Lawrence Boom and Manufacturing Company* v. *Holt,* 51 W. Va. 352, 41 S. E. 351; *Hoback* v. *Miller,* 44 W. Va. 635, 29 S. E. 1014; *Fowler* v. *Lewis,* 36 W. Va. 112, 14 S. E. 447; *Haymond* v. *Camden,* 22 W. Va. 180; *Camden* v. *Haymond,* 9 W. Va. 680; 11 Michie's Jurisprudence, Judgments and Decrees, Section 145; 11 Michie's Jurisprudence, Jurisdiction, Section 9.

This proceeding is a collateral attack upon the judg-

ment of the circuit court which imposed a sentence of life imprisonment upon the petitioner. *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. ed. 1268; *State ex rel. Vance* v. *Arthur,* 142 W. Va. 737, 98 S. E. 2d 418; *Adkins* v. *Adkins,* 142 W. Va. 646, 97 S. E. 2d 789; *McKnight* v. *Pettigrew,* 141 W. Va. 506, 91 S. E. 2d 324; *Nelson Transfer and Storage Company* v. *Jarrett,* 110 W. Va. 97, 157 S. E. 46; *New Eagle Gas Coal Company* v. *Burgess,* 90 W. Va. 541, 111 S. E. 508; *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59.

The judgment sentencing the petitioner to life imprisonment, being in excess of imprisonment for a term of ten years, which is the maximum sentence of imprisonment the circuit court had jurisdiction to pronounce upon the verdict convicting the petitioner of the crime of malicious wounding, is a void judgment to the extent that it exceeds the maximum sentence of imprisonment for ten years from the date of its rendition. A judgment which is wholly void, or is void in part, is subject to collateral attack in a habeas corpus proceeding. *State ex rel. Mick* v. *Coiner,* 142 W. Va. 710, 98 S. E. 2d 1; *State ex rel, Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. ed. 1268; *State ex rel. Vascovich* v. *Skeen,* 138 W. Va. 417, 76 S. E. 2d 283, certiorari denied, 346 U. S. 916, 74 S. Ct. 277, 98 L. ed. 411; *State ex rel. Cain* v. *Skeen,* 137 W. Va. 806, 74 S. E. 2d 314; *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *Scott* v. *Harshbarger,* 116 W. Va. 300, 180 S. E. 187; *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59.

To sustain the judgment of the circuit court imposing the sentence of life imprisonment the defendant cites and relies upon the decision of this Court in *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. ed. 1268. That case is clearly distinguishable from and does not control the decision in this proceeding. In the *Lovejoy* case, in which the petitioner attacked as void a sen-

tence of life imprisonment imposed under the habitual criminal statute then and now in force and effect, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended by Chapter 31, Acts of the Legislature, 1943, Regular Session, on the ground that after the petitioner was convicted of the offense for which he was indicted and tried but before the sentence of life imprisonment was pronounced the trial court failed to comply with the requirements of that statute. The record in that case, unlike the record before this Court in this proceeding, did not show affirmatively that such requirements were not satisfied.

The opinion in the *Lovejoy* case contains these revealing statements: "A conviction and sentence of a person in a court of competent jurisdiction, in the absence of a showing that the judgment is wholly or partially void, will not be reviewed in a proceeding in habeas corpus." and "The judgment of the Circuit Court of Logan County is valid on its face. That Court had jurisdiction and the sentence pronounced was in the exercise of its constitutional power and by virtue of a valid statute. We reach the conclusion that the judgment pronounced by the Circuit Court of Logan County, sentencing the prisoner to life imprisonment is not void." In the opinion this statement also appears: "In the absence of a showing otherwise, we assume that the Circuit Court of Logan County followed the statute in pronouncing sentence, but omitted through inadvertence, a statement of such action."

As the record under consideration in the *Lovejoy* case did not affirmatively show that the trial court was without jurisdiction to impose the sentence of life imprisonment under the habitual criminal statute, the presumption in favor of the jurisdiction of the court to impose that sentence was properly recognized and applied. When the record of a court of general jurisdiction is merely silent with respect to a matter affecting its jurisdiction, the presumption that it satisfied and complied with all jurisdictional requirements for the entry of a valid judgment will be accorded prevailing force

and effect. *Lieberman* v. *Lieberman,* 142 W. Va. 716, 98 S. E. 2d 275; *Adkins* v. *Adkins,* 142 W. Va. 646, 97 S. E. 2d 789; *Lemley* v. *Wetzel Coal and Coke Company,* 82 W. Va. 153, 95 S. E. 646. In the opinion in the *Lemley* case this Court quoted with approval this portion of the text in 15 R. C. L., Judgments, Section 373, page 893: "According to the common law rule, adhered to at the present time in most of the states, the presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done but that it was rightly done. So where the judgment contains recitals as to the jurisdictional facts these are deemed to import absolute verity unless contradicted by other portions of the record. Consequently such a judgment cannot be collaterally attacked in courts of the same state by showing facts *aliunde* the record, although such facts might be sufficient to impeach the judgment in a direct proceeding against it. The validity of a judgment when collaterally attacked must be tried by an inspection of the judgment roll alone, and no other or further evidence on the subject is admissible, not even evidence that no notice had been given."

In the *Lovejoy* case the judgment imposing the sentence of life imprisonment, being valid on its face and not contradicted by any showing to the contrary in the record, was not subject to collateral impeachment in a habeas corpus proceeding. In the case at bar, however, unlike the judgment in the *Lovejoy* case, the judgment affirmatively shows, without contradiction in the record, that the petitioner by his plea of not guilty denied not only his guilt of the offense charged against him but also the allegations in the indictment that he had previously been twice sentenced to the penitentiary; that the issue raised by that plea was never resolved against him;

that the jury did not find, and he did not admit, that he had previously been so sentenced; and that by reason of the failure of the trial court to comply with the requirements of the habitual criminal statute then in effect it was without jurisdiction to pronounce the sentence of life imprisonment against the petitioner.

When, without any showing to the contrary, it affirmatively appears, from the record in the trial of a criminal case on an indictment for a felony punishable by confinement in the penitentiary for a period less then life imprisonment, that the trial court did not comply with the habitual criminal statute then in effect which expressly required that before a sentence of life imprisonment may be lawfully imposed it must be admitted, or by the jury found, that the person convicted on the indictment had previously been twice sentenced in the United States to the penitentiary, a judgment imposing a sentence of life imprisonment upon the convict, based upon the statute, is void, to the extent that it exceeds the maximum sentence for the particular offense charged in the indictment, for lack of jurisdiction of the trial court to render it, and the effect of that part of the sentence of life imprisonment, in excess of the maximum sentence for such particular offense, will be avoided and its enforcement prevented in a habeas corpus proceeding. *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59. In the opinion in *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888, this Court said: "Where the imprisonment is under process or order that is void, as distinguished from irregular or erroneous, the writ of *habeas corpus* holds it for naught, disregards or ignores it as not furnishing warrant for imprisonment; but it does not operate directly on the void process or judgment by annulling or reversing it, like an appeal, writ of *certiorari,* or writ of error, but, as a collateral procedure, simply releases from the prison by ignoring the alleged warrant for imprisonment."

As the petitioner has fully served the maximum sen-

tence of ten years which the circuit court had jurisdiction to pronounce for the offense of which he was convicted, and as that portion of the sentence of life imprisonment in excess of ten years from the date of the rendition of the judgment is void, the petitioner is entitled to be forthwith discharged from the custody of the defendant under the judgment rendered January 21, 1941.

*Writ awarded;*
*petitioner discharged.*

BROWNING, JUDGE, dissenting:

It is with deference that I dissent from the decision of the Court in this proceeding. It is my opinion that the rule laid down in *State ex rel. Lovejoy* v. *Skeen, Warden, etc.*, 138 W. Va. 901, 78 S. E. 2d. 456, is controlling of the issue here presented; that under the rule of *stare decisis* this Court cannot reach a different decision upon facts which cannot be distinguished; and that the petitioner should not be discharged upon the writ of habeas corpus unless this Court overrules the *Lovejoy* case. In its opinion, the Court would distinguish this case from the *Lovejoy* case upon the ground that the trial court failed to comply with the requirements of the habitual criminal statute in that the judgment in that case, "unlike the record before this Court in this proceeding, did not show affirmatively that such requirements were not satisfied." That conclusion is based upon the preliminary finding that, under the statute in effect at the time petitioner was sentenced, it was provided that before such sentence could be lawfully imposed the prior convictions must be set out "in the indictment on which the accused is convicted, and admitted, or by the jury found, that such convict had theretofor been twice sentenced in the United States to the penitentiary."

I take sharp issue with the statement in the Court's opinion that: "From the recitals in the final judgment it affirmatively appears that the petitioner by his plea

of not guilty denied both the charge of malicious wounding and the allegations of the indictment that he had previously been twice sentenced in the United States to the penitentiary; * * *." In *Anderson* v. *McClintic*, 115 W. Va. 329, 175 S. E. 857, wherein this Court held that a general verdict of guilty included a finding by the jury that the defendant had twice previously been convicted of a felony, in an absence of a showing to the contrary, the Court said: "The indictment of 1928 *charged* the accused with two prior felony convictions and penitentiary incarceration therefor. The indictment *charged* him also with a later felonious offense. The jury found him guilty as *charged*. * * *" (Italics mine.) With that statement I also take issue. It is not a crime to have been previously convicted of an offense and sentenced to the penitentiary therefor. Familiar constitutional inhibitions prohibit any such procedure. If it were a crime to be an ex-convict, our present habitual criminal act would be unconstitutional since it permits the fact of prior convictions to be presented to the court upon an "information" signed by the prosecuting attorney of the county. No person can be put upon trial for a felony except upon an indictment returned by a validly constituted grand jury.

In *State* v. *Graham*, 68 W. Va. 248, 69 S. E. 1010, 224 U. S. 616, an inmate of the State Penitentiary at Moundsville was proceeded against by information in the Circuit Court of Marshall County, pursuant to the provisions of Chapter 165, Sections 1-5 of the Code of 1906. In affirming a judgment of the Circuit Court of that county to life imprisonment as an habitual criminal, this Court in its opinion made some statements that I believe pertinent to the present proceeding. It said: "The proceedings under the statute are for identification only. They are clearly not for the establishment of guilt. The question of guilt is not reopened. The information only calls upon the convict to answer alleged identification for sentence. The constitution does not provide that such procedure must be by presentment or indictment of a grand jury." * * * "Our law does not make it an offense

or crime for one to have been convicted more than once. Former conviction is not an integral part of the second or new offense. The law simply enjoins longer sentence because of former conviction. It does not prosecute and punish for the former conviction. It cannot do that. * * *" President Robinson, who wrote the Court's opinion in that case, in quoting from *Ross' Case*, 2 Pick 171, further stated: "This is not an information of an offense for which a trial is to be had, but of a fact, namely, that the prisoner has already been convicted of an offense; and this fact must appear, either by his own confession, or by the verdict of a jury, or otherwise according to law, before he can be sentenced to the additional punishment. * * *. There was no need of a presentment by a grand jury, for no offense was to be inquired into. That had been already done. *An indictment is confined to the question whether an offense has been comitted.* Here the question was simply whether the party had been convicted of an offense." (Italics mine.) The judgment of this Court in the *Graham* case was affirmed by the Supreme Court of the United States in *Graham* v. *State of West Virginia*, 224 U. S. Reports, 616, and in the opinion, which was written by Mr. Justice Hughes, it was stated that: "* * * While it is familiar practice to set forth in the indictment the fact of prior conviction of another offense, and to submit to the jury the evidence upon that issue together with that relating to the commission of the crime which the indictment charges, *still in its nature it is a distinct issue, and it may appropriately be the subject of separate determination. * * *"* (Italics mine.)

If the facts of previous convictions are material to the one count indictment, as well as the allegations charging the crime of malicious wounding to which the prisoner was required to *plead,* the question arises as to whether he could plead "guilty" to the first part of the indictment and "not guilty" to the latter part of it, or vice versa. The statute contemplated no such procedural incongruity. If such had been contemplated, I would have grave doubt as to its validity. The prisoner could

"admit" the former convictions prior to arraignment on the indictment for the crime of malicious wounding, but, of course, the judgment imposing a sentence in excess of the maximum that could be imposed by law for the *crime* charged in the indictment should have shown that the prisoner had admitted that he was the person who had been previously convicted. However, the rule of the *Lovejoy* case bridges the gap by the presumption that the trial court followed the statute in pronouncing sentence, "but omitted through inadvertence, a statement of such action."

It is evident that there is some conflict in the decisions of the courts upon the effect of a plea of not guilty to such an indictment followed by a guilty verdict, as will be noted by the cases collected in Underhills Criminal Evidence, 5th Edition, 1956, Chapter 20. It should be observed, however, that many of the cases which support the view of the majority in this proceeding, as well as some decisions of this Court that are not there cited, are cases wherein a second or third offense of a misdemeanor constitutes a felony, and in which case the defendant may be convicted of either a misdemeanor or a felony. Whatever the correct rule may be, neither this Court or any other court in passing upon the question has heretofore been confronted with the rule laid down in the *Lovejoy* case.

Under the old statute, it was necessary that the previous offense be set out in the indictment, and, before a sentence of life imprisonment could be invoked, it was necessary that the prisoner be found guilty of the felony with which he was charged, and that it be determined that the convicted person had theretofore been twice sentenced in the United States to the penitentiary in one of two ways: An admission of those facts, or that it be found that he was such person by the jury which convicted him of the latest offense. The statute is very clearly in the alternative in using the words "and admitted, *or* by the jury found". In regard to the latter method, it has been the position of this Court that only

the bare legal necessities of proving the former conviction or convictions should be presented to the jury. In *State* v. *Stout*, 116 W. Va. 398, 180 S. E. 443, this Court held it to be reversible error to overemphasize a previous conviction by reading the entire indictment therefor to the jury. The Court therein said: "* * * the proof of the former conviction should be rigidly restricted, and its effect upon the minds of the jury with respect to the guilt of the accused of the offense actually under consideration *should be given no more scope than the necessities of the situation demand."* (Italics mine.) Again, in *State* v. *Aliff*, 122 W. Va. 16, 7 S. E. 2d 27, this Court said: "Error is also assigned to the cross-examination of defendant concerning his former convictions, after he had confessed thereto by admissions made in open court. The convictions having been properly averred, and plaintiff having admitted the same, the state was not required to offer proof of them. *State* v. *Savage*, 86 W. Va. 655, 104 S. E. 153. Notwithstanding the cross-examination was unnecessary and should not have been made, we do not think the defendant was prejudiced thereby." While it is true that both of these cases were upon writ of error, they clearly lay down the rule that any unnecessary reference to former convictions tends to prejudice the defendant in the minds of the jury and should not be made. See also *State* v. *Fisher*, 123 W. Va. 745, 13 S. E. 2d. 649.

Now it is quite true that the order of the Circuit Court of Logan County does not affirmatively show that either of the statutory methods for determining the question of former convictions was met. But the identical situation prevailed in the *Lovejoy* case where the requirements of the statute, as to the manner in which it is to be determined whether a convicted felon is the same person who had previously been convicted of two crimes punishable by confinement in the penitentiary, are more stringent than those contained in the old statute. Whereas the old statute only required that the prisoner "admit" the previous conviction, the new statute requires that after information is filed by the prosecuting

attorney, the prisoner shall be brought before the court, and if he "acknowledges" in open court "after being duly cautioned" that he is the same person previously convicted, he shall be sentenced to life imprisonment in the penitentiary. However, the statute provides that he may deny the allegations of the information, and if he does, "or remains silent", his plea, or the fact of his silence, shall be entered of record, and a jury shall be impaneled to inquire whether the prisoner is the same person mentioned in the several records. In the opinion in the *Lovejoy* case, it is clearly stated that: "\* \* \* The last order of the Circuit Court of Logan County does not show any proceedings relative to whether petitioner admitted or denied that he was the same person formerly convicted and sentenced for two felonies; whether a jury was impaneled to try the issue of identity of petitioner with the person formerly twice convicted and sentenced, or whether petitioner was cautioned before sentence of life imprisonment was pronounced, as provided in Chapter 31, Article 11, Section 19, Acts of the Legislature, 1943, Regular Session." Notwithstanding all of this, this Court unanimously held that: "In absence of a showing otherwise, we assume that the Circuit Court of Logan County followed the statute in pronouncing sentence, but omitted through inadvertence, a statement of such action."

The statute under which petitioner received his sentence of life imprisonment, as well as the amended act under which Lovejoy was sentenced, have been held by this Court to be valid. That being so, it was the prerogative of the Legislature to determine the manner in which it could be determined that a prisoner had previously been convicted of one or more previous offenses. This Court cannot, without violating the division of powers provision of our Constitution, encroach upon the authority of the Legislature. I see no difference between the word "admitted" in the old statute and the word "acknowledges" in the amended act. The judgment orders entered by the Court in both the *Lovejoy* and the instant proceeding contain almost identical language. In the

instant case, after reciting the plea of not guilty to the indictment, and the verdict of the jury of "guilty of malicious wounding", the order continues with "the Court proceeded to enter judgment in accordance with the verdict of the jury herein, and fixed the term of confinement in the Penitentiary of the State for the remainder of his natural life." In the *Lovejoy* case, after the recital that an information of two former convictions was filed, and that the defendant had been convicted of grand larceny at that term of court, concluded: "the Court proceeded to enter judgment in accordance with said verdict, and fixed the prisoner's term of confinement in the penitentiary of this State for the rest of his natural life." In both cases, the judgment order was silent as to any "admission" or "acknowledgment" relative to former convictions. This Court could not in the *Lovejoy* case have "presumed" that the Judge of the Circuit Court of Logan County followed the statute in sentencing Lovejoy, although there is nothing in the order to show that he acknowledged that he was the person named in the information as having been convicted of previous felonies, and at the same time hold in this proceeding that the same judge of the same court did not follow the old statute, although the judgment of sentence did not show that the prisoner "admitted" that he was the same person twice previously convicted. The decision in the *Lovejoy* case was unanimous, thus approving the statement in the opinion, heretofore quoted, and which was necessary to reach the result arrived at, that: "In the absence of a showing otherwise, we *assume that the Circuit Court of Logan County followed the statute in pronouncing sentence, but omitted through inadvertence, a statement of such action.*" (Italics mine.) To reach the opposite result in this proceeding, the Court "assumes" that relator did not, prior to the beginning of his trial, admit that he was the person alleged to have been twice previously convicted of felonies; that he did not, during the trial of his case, admit that he was such person; that he did not, after the jury had returned its verdict of guilty of malicious wounding, and before his

sentence, admit that he was the same person who had twice previously been convicted; that in the absence of such admission, or a finding by the jury that he was the same person who had so previously been convicted, the judge sentenced him to life imprisonment for a crime punishable only by a sentence of two to ten years in the penitentiary; that since relator was being tried for a felony, and, under the law, would have been represented by counsel, that such counsel, without recourse, by writ of error to this Court, saw his client sentenced to a term of life imprisonment for a crime that is punishable only by a term of two to ten years in the penitentiary; and that the relator, after serving sixteen years of his sentence in the penitentiary of this State, for the first time raised objection to a life sentence for a crime which is punishable only by a sentence of two to ten years in the penitentiary. As to the verity of the judgment roll in regard to such matters and the manner in which, and the burden upon whom the duty rests to show any illegality which renders the judgment upon which the prisoner was sentenced void, in a habeas corpus proceeding, see *State ex rel. Hall* v. *Skeen,* 136 W. Va. 805, 68 S. E. 2d. 683.

The majority opinion also makes much of the fact that the judgment recites petitioner was sentenced "in accordance with the verdict of the jury herein", which was "guilty of malicious wounding." Of course petitioner was sentenced in accordance with the verdict of the jury. So was Lovejoy, because that was the only thing the Court had before it in either case upon which it could impose any sentence. True, a longer sentence may be imposed under the habitual criminal act, but such must be based upon the verdict of guilty of grand larceny, as in the *Lovejoy* case, or guilty of malicious wounding, as in the instant case. I, therefore, consider the phrase "in accordance with the verdict of the jury" of no significance, as it does not affirmatively show that the requirements of the habitual criminal act were not met.

For the reasons stated, I find nothing in the final

judgment from which it "affirmatively appears" that the Circuit Court of Logan County was without jurisdiction under the habitual criminal statute to impose a sentence of life imprisonment upon petitioner that did not appear in the judgment sentencing Lovejoy to a similar term under the amended act. If the *Lovejoy* case is wrong, it should be overruled and the release of petitioner upon the writ would then be consistent. Otherwise, the *Lovejoy* case should be approved, the petitioner remanded, and the writ discharged. If the Court had taken either of these positions there would probably have been no dissent by me but I cannot find sufficient factual differentiation in the records of the two cases to justify the release of one and the continued confinement of the other.